### In re Moneica L. TALIB, Debtor.

### No. 05–71954–13.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Dec. 12, 2005.

---

Frank E. Brown, Kansas City, MO, for Debtor.

***ORDER ON MOTION TO VACATE OR-
DERS DISMISSING CASE AND
DENYING MOTION TO WAIVE
DEBT COUNSELING PRIOR TO
FILING***

DENNIS R. DOW, Bankruptcy Judge.

This case was filed on November 18, 2005, along with a certification of Exigent Circumstances and Motion to Waive Debt Counseling Prior to Filing ("Certification"). Pursuant to the Certification, debtor Moneica Talib ("Debtor") sought a waiver of the requirement of prepetition credit counseling. The salient facts contained in the Certification were that the Debtor had consulted a credit counseling service on the afternoon prior to the day of a scheduled foreclosure sale on her residence and was eventually told that while she could not obtain credit counseling services prior

to the scheduled time of the foreclosure sale, she could be counseled within two days. Thus, while Debtor could not obtain the required credit counseling prior to the foreclosure sale, she was in a position to obtain it within the five-day period subsequent to the date of her request. For that reason, the Court held that the Certification did not comply with the requirements of § 109(h)(3)(A)(ii), which rendered the Debtor ineligible to be a debtor, and dismissed the case. The Debtor has now filed a motion asking that the Court reconsider and vacate the orders denying the motion and dismissing the case. As far as the Court can discern, as grounds for the motion to vacate, Debtor alleges as follows: (1) there are inconsistencies between the first two requirements contained in subparagraph (A) of § 109(h)(3) and this inconsistency authorizes the Court to diverge from a literal interpretation of the statute; (2) that a literal application of § 109(h)(3)(A)(ii) produces absurd results and therefore should not be adopted; (3) that five days is not a reasonable period of time within which to obtain the required credit counseling prior to filing, especially in circumstances in which the debtor may not be aware of the requirement prior to that period; and (4) that the circumstances alleged by Debtor in the Certification actually demonstrate compliance with the requirement contained in § 109(h)(3)(A)(ii). For the reasons set forth below, this Court finds none of these arguments persuasive, sees no reason to reconsider or vacate the orders denying the original Certification and dismissing the case and therefore denies the motion to vacate.

 Debtor first contends that there is some inconsistency between the requirements imposed by paragraphs (3)(A)(i) and (3)(A)(ii) of § 109(h). The apparent inconsistency, according to Debtor, is that a debtor may demonstrate exigent circumstances under (i) and yet be denied relief under certain circumstances pursuant to (ii). Debtor asks the rhetorical question whether Congress can have actually intended to make bankruptcy relief less available to debtors in exigent circumstances as they approach a foreclosure or similar event but find themselves unable to satisfy the requirements of (ii). The Court acknowledges, as it did in its order denying the motion ("Order"), that the requirement of (ii) that the Debtor demonstrate that she was unable to credit counseling during the five-day period subsequent to her request may limit bankruptcy eligibility for debtors in some circumstances. This does not, however, make the requirements of the subparagraph inconsistent with one another. First, there is no question that all three requirements must be satisfied, as they are listed and joined with the word "and" between the second and third. This Court and several others have so held. *In re Cleaver*, 333 B.R. 430, 434–35 (Bankr.S.D.Ohio 2005); *In re Watson*, 332 B.R. 740, 744 (Bankr.E.D.Va.); *In re Gee*, 332 B.R. 602, 604 (Bankr.W.D.Mo. 2005); *In re Hubbard*, 332 B.R. 285, 288 (Bankr.S.D.Tex.2005). Secondly, addition of the objective requirement in (ii) to the exigent circumstances requirement contained in (i) is not inconsistent or contradictory, but limiting. In other words, demonstrating exigent circumstances is a necessary, but not sufficient condition for the waiver. Not all of the debtors facing exigent circumstances will qualify, but only those who can also meet the additional requirement imposed by § 109(h)(3)(A)(ii).

 The Court's previous Order is not based on an "interpretation" of § 109(h)(3)(A)(ii), but on a literal application of its provisions. Debtor maintains that a literal application of the statute yields an absurd result. The apparent absurd result is that such an application

results in ineligibility for some debtors who wait until the eleventh hour and are advised that they can obtain the required credit counseling services within the five-day statutory period, but subsequent to the scheduled time for the event which causes the debtor to need to file. As the Court acknowledged in its original Order, while this may be a difficult and even burdensome requirement in some circumstances and may produce harsh results in others, it does not rise to the level of being absurd. Nor has Debtor offered any evidence to indicate that such a literal application is inconsistent with the intent of the drafters. The statute simply does not say what the Debtor would apparently like it to say, which is that the exception is available in every circumstance in which the Debtor cannot obtain the credit counseling prior to the scheduled foreclosure sale or repossession. As noted by the Court in its original Order, Congress may have intended this requirement as an objective limitation on the exigent circumstances exception to the requirement of prepetition credit counseling. Congress chose not to link the availability of credit counseling to the event which might require the Debtor to file, but rather to the date of the debtor's request for credit counseling. While Congress recognized that there would be certain situations in which it would be appropriate to exempt debtors from the requirement of prepetition credit counseling, Congress also chose to place a limitation on that exemption, presumably so the exception would not swallow the rule. As noted by the Court in *In re Wallert*, 332 B.R. 884 (Bankr.D.Minn.2005), Congress may have limited the exemption and essentially imposed a five-day waiting period to discourage debtors from deferring their first consideration of bankruptcy until immediately prior to the exercise of creditors' remedies. *Wallert*, 332 B.R. at 889–90.

■ Debtor contends that the five-day period does not offer sufficient time to obtain credit counseling for many debtors, particularly those who are unaware of the requirement. Even if true, however, the Court is not at liberty to ignore the statutory requirement or rewrite it. The Court acknowledges that the requirement may not be realistic or even fair in many circumstances, but it is a determination of policy which Congress is entitled to make and the courts are not permitted to second guess. *Wallert*, 332 B.R. at 889 (citing *Mansell v. Mansell*, 490 U.S. 581, 594, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) and *South Dakota v. U.S. Department of Interior*, 423 F.3d 790, 795 (8th Cir.2005)); *Watson*, 332 B.R. at 746. Actually, the five-day period would have proven adequate for the Debtor in this case had she made the request earlier, as she was told she would be able to obtain the credit counseling services within two days. In addition, as the Court observed in its original Order, that response is apparently consistent with a voluntary industry standard on best practices.[1] Finally, a debtor's lack of awareness of a statutory requirement of eligibility is no basis for not enforcing it.

Finally, with a bit of linguistic legerdemain, Debtor argues that she has actually satisfied the requirements of § 109(h)(3)(A)(ii). The argument is that a debtor facing an imminent foreclosure sale who is told that credit counseling is available to her within the five-day period, but after the date of the foreclosure sale, has

---

1. See Leslie E. Linfield, *Strange Bedfellows: Bankruptcy Reform and Mandatory Credit Counseling*, 24 Am. Bankr.Inst. J. 12, n. 9 (May 2005) (*Best Practices Guidelines* publish-

ed by the Association of Independent Consumer Credit Counseling Agencies calls for such agencies to offer an appointment within two business days of a request).

"for all practical purposes" been informed that credit counseling is unavailable to her "until infinity," which she observes is more than five days. While the Court appreciates the frustration, disappointment and perhaps even hardship that the statutory requirement imposes upon Debtor in this situation, the fact that the credit counseling is not available to her until after the scheduled foreclosure sale does not change the fact that it was available to her in two days, which is within the five-day period subsequent to the date of her request. For that reason, her Certification clearly does not comply with the requirements of § 109(h)(3)(A)(ii) which renders her ineligible for the waiver and ineligible to be a debtor. Once again, the statutory provision focuses on the debtor's ability to obtain the required credit counseling within the period measured from the date of her request; it does not exempt her from the requirement merely because she was unable to obtain the counseling prior to the scheduled date of the foreclosure sale. As the Court observed in its original Order, the Debtor bears some responsibility for this inability, having failed to address the credit counseling situation until the day before the sale and could not reasonably have expected the requirement to be completed before that time. As the Court also noted in its original Order, the Debtor offered no explanation as to why those services could not have been sought at an earlier time.

All three of the requirements set forth in § 109(h)(3)(A) must be satisfied before the Court can grant a waiver of the requirement of prepetition credit counseling. The second of those requirements is that the Debtor allege that she was unable to obtain the credit counseling services within the five-day period subsequent to the date of her request. Because the Debtor's Certification indicated that she was able to obtain credit counseling within two days of the date of her request, she clearly did not comply with this provision. As a result, she is ineligible to be a debtor. Because this requirement cannot be cured subsequent to the date of filing, dismissal of the case is appropriate. For the reasons cited above, the Court sees no reason to reconsider or vacate its original orders.