**In re Yvonne HUBBARD, Debtor.**

**No. 05–95017–H1–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 31, 2005.

---

James B. Heston, The Heston Law Firm PC, Houston, TX, for Debtor.

David G. Peake, Houston, TX, Chapter 13 Trustee.

## ORDER DENYING MOTION TO EXTEND TIME TO PROVIDE VERIFICATION OF CREDIT COUNSELING

MARVIN ISGUR, Bankruptcy Judge.

This chapter 13 case was filed on October 26, 2005. On October 27, 2005, the Debtor filed her Motion to Extend Time to Provide Verification of Credit Counseling.

On October 17, 2005, most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective. Among those provisions was a requirement that the Debtor obtain credit counseling. The requirement that a debtor obtain credit counseling is contained in § 109(h). That section provides:

(h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor

after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h).

■ There are no reported opinions dealing with § 109(h). Consequently, the Court will interpret § 109(g) in accordance with traditional principles. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The Court sees no ambiguity in the statute. Subparagraph (1) requires the debtor to receive credit counseling, subject to the exceptions in subparagraphs (2) and (3). Subparagraph (4) makes subparagraph (1) inapplicable to certain debtors (i.e., those suffering from incapacity, disability, or active military duty in a military combat zone).

There is no allegation that the debtor is incapacitated, disabled or in active military duty in a combat zone. Accordingly, subject to subparagraphs (2) and (3), the debtor must receive credit counseling.

The debtor alleges that she attempted to obtain credit counseling, but she was unable to get "signed up" with a counselor. The motion alleges that the credit counseling agencies were "swamped the week before and after the law change and unable to respond to inquiries." The debtor requests a 45 day extension.

For the following reasons, the motion is denied without prejudice.

■ Subparagraph (2) makes an exception from subparagraph (1) for debtors who reside in a district for which the United States trustee determines that the approved agencies are not reasonably able to provide the credit counseling services. There is no allegation that the Southern District of Texas has been so certified. Accordingly, the Court finds that subparagraph (2) does not excuse the debtor's compliance. 11 U.S.C. § 109(h)(2).

Subparagraph (3) provides for a temporary exemption from the application of subparagraph (1) if:

a. The debtor submits a certification to the Court regarding the exception; and

b. The certification describes exigent circumstances that merit a waiver of the credit counseling requirement; and

c. The certification states that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request; and

d. The certification is satisfactory to the Court.

11 U.S.C. § 109(h)(3)(A).

If the debtor meets the foregoing requirements, the debtor receives an exemp-

tion of not more than 30 days. 11 U.S.C. § 109(h)(3)(B). The 30 day exemption may be extended for an additional 15 days. 11 U.S.C. § 109(h)(3)(B).

■ The debtor has failed to meet the requirements of § 109(h)(3).

■ The debtor has not filed any certification with the Court. The debtor has filed an unverified motion. It contains no affidavit, declaration or other certification as to its accuracy. The plain language of § 109(h)(3) requires a certification. Without a certification, the motion is fatally defective. Normally, the certification should set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely to be obtained.

The language of § 109(h)(3) is conjunctive. Accordingly, the debtor must satisfy each of the elements set forth in that subparagraph. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 357, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The debtor's motion does describe exigent circumstances that merit a waiver of the credit counseling requirement. If the motion were certified and if exigent circumstances were sufficient, the motion would be satisfactory. But, that is not the structure of the statute. The debtor must additionally demonstrate that the debtor requested credit counseling services, but was unable to obtain the services during the five day period beginning on the date on which the debtor made the request. The motion makes no such allegation. Because the statute requires that *all* of the requirements be satisfied, the debtor's motion must fail.

With respect to whether the certification is otherwise satisfactory to the Court, there is not presently any certification. If an amended motion is filed, the Court will consider the content of the certification to determine if it is satisfactory.

■ Finally, the debtor requests a 45 day extension. Under the plain meaning of the statute, an extension beyond 30 days requires a court to consider why a 30 day extension is insufficient to meet the exigent circumstances demonstrated by a debtor. The debtor's present motion does not suggest a basis by which the Court can determine whether 30 days would be sufficient. Moreover, if 30 days is not sufficient, the motion does not suggest a basis on which the Court can conclude that 45 days would solve the problem faced by the Debtor.

Because the debtor has failed to set forth a satisfactory basis for her requested extension, the motion is denied without prejudice.