**In re William T. CLEAVER, Debtor.**

**No. 05–46572.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Nov. 17, 2005.

Harold Jarnicki, Lebanon, OH, for Debtor.

Jeffrey M. Kellner, Dayton, OH, trustee.

## DECISION OF THE COURT DENYING WILLIAM T. CLEAVER'S MOTION FOR WAIVER OF THE § 109(h) REQUIREMENT OF PREPETITION BUDGET AND CREDIT BRIEFING

LAWRENCE S. WALTER, Bankruptcy Judge.

This matter is before the court on William T. Cleaver's *Motion for Waiver of the Requirement to Obtain Budget and Credit Counseling Prior to Filing* ("Motion") [Doc. 5] filed with the court on November 3, 2005, the same date on which Mr. Cleaver's chapter 13 petition was filed. The short Motion merely represents that a sheriff's sale of Mr. Cleaver's residence was scheduled for the following day, that the petition was filed to stop the sale, and that there was "insufficient time to complete the required Budget and Credit Counseling prior to filing." The Motion further states that the required counseling would be obtained no later than November 8, 2005.[1]

The referenced prepetition "budget and credit counseling" or "briefing"[2] is a new eligibility requirement for individuals seeking bankruptcy relief imposed by 11 U.S.C. § 109(h), added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005.[3] Generally, to be a debtor under Title 11, an

---

1. According to the subsequently filed certificate of Barbara Williams [Doc. 9], a counselor for Consumer Credit Counseling Service, Mr. Cleaver received the briefing on November 11, 2005.

2. Section 109(h)(1) refers to the requirement as a "briefing" to be received from an "approved nonprofit budget and credit counseling agency," but § 109(h)(3)(A)(ii) refers to "credit counseling services." While the exact scope of the briefing or services may be questioned, it is clear that both references are to the same required event. The court will generally use the term "briefing" or "credit briefing" in this decision.

3. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 108–9 (2005).

individual must have received a "briefing" outlining the opportunities for credit counseling and assisting the individual in performing a budget analysis, unless certain exemptions apply. Pursuant to 11 U.S.C. § 521(b), an individual debtor must then file with the court "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor" and also file a copy of any resultant debt repayment plan. 11 U.S.C. § 521(b).

■ As is generally the case, but especially when the court is presented with a new statute and very limited interpretive case law, the court's analysis must begin with the statutory language. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The task of resolving the dispute over the meaning of [a code section] begins where all such inquiries must begin: with the language of the statute itself.... [W]here...the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"). The full text of § 109(h) is as follows:

(h) (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the

debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h).

While some particulars of the statute may be ambiguous, such as the precise nature of the required briefing or the scope of "exigent circumstances," the essential import of this section is quite clear. *Accord, In re Hubbard,* 332 B.R. 285, 288 (Bankr.S.D.Tex.2005) ("The Court sees no ambiguity in the statute."). According to paragraph (1), to be eligible for bankruptcy relief, an individual must receive the requisite briefing absent one of the delineated exceptions set forth in paragraphs (2) or (3). Paragraph (4) makes the requirements of paragraph (1) inapplicable to a debtor unable to complete those requirements due to "incapacity, disability, or active military duty in a military combat

zone." 11 U.S.C. § 109(h)(4). The statute is unequivocal and allows for no other excuse or exception.

Mr. Cleaver does not claim to be suffering from an incapacity or disability or to be on active duty in a combat zone. Therefore, the special exemption provided by paragraph (4) does not apply. Nor has Mr. Cleaver alleged that qualifying credit counseling agencies are not reasonably available so as to invoke the exception in paragraph (2). Indeed, the Office of the United States Trustee has approved several such agencies available in the Southern District of Ohio pursuant to 11 U.S.C. § 111. The approved list, obtainable from the Court Clerk's office or via a hyperlink on the Court's official web site,[4] includes several agencies that provide services by telephone or internet as well as in person. In fact, Mr. Cleaver acknowledges that he can obtain the counseling promptly, but simply asserts that there was insufficient time prior to his bankruptcy filing, the timing of which was dictated by an imminent foreclosure sale.

■ Mr. Cleaver's only realistic recourse under the statute is to qualify for the 30–day exemption provided under paragraph (3). Procedurally, this paragraph requires a debtor to submit a "certification" to the court. The term "certification" is not defined in the Bankruptcy Code. According to the relevant definition in Black's Law Dictionary, a certification is "1. The act of attesting. 2. The state of having been attested. 3. An attested statement." Black's Law Dictionary 220 (7th ed.1999).[5] The same source defines "at-

---

4. The approved list of agencies can be found through a hyperlink on the court's website at *www.ohsb.uscourts.gov* or directly through the U.S. Department of Justice's website (in the section dedicated to the United States Trustee Program) at *www.usdoj.gov/ust/bapcpa/ cccde/cc approved.htm.*

5. The Supreme Court has routinely resorted to dictionaries to determine the common meaning of terms not defined in the Bankruptcy Code. *See, e.g., Rousey v. Jacoway,* 544 U.S. 320, 125 S.Ct. 1561, 1566–69, 161 L.Ed.2d 563 (2005); *Cohen v. de la Cruz,* 523

test" as "1. To bear witness; testify <attest to the defendant's innocence>. 2. To affirm to be true or genuine; to authenticate by signing as a witness <attest the will>." *Id.* at 124. Similarly, Webster's Third New International Dictionary defines "certify" as "to attest esp. authoritatively or formally." Webster's Third New International Dictionary 362 (2002). Based on these definitions, a certification is, at a minimum, a written statement that the signer affirms or attests to be true.

■ In the instant case, Mr. Cleaver's Motion marginally comes within this minimum definition. The Motion is not an affidavit or declaration under oath and does not contain typical certification language such as "the undersigned hereby certifies" or "the undersigned hereby attests to the truth of the foregoing." But the Motion does state some facts and it is not only signed by Mr. Cleaver's attorney, but also by Mr. Cleaver, presumably to certify the truth of the statements contained therein. It is not customary in this jurisdiction for a debtor represented by counsel to sign a pleading except to verify the truth of its contents. So, as a threshold matter, while the Motion might not exhibit the desired degree of formality and clarity, the Court finds that it nevertheless qualifies as a "certification" under § 109(h)(3)(A).

It must be emphasized, however, that the form of certification in this case barely suffices and is certainly far from exemplary. Recently, a court faced with a similarly deficient unverified motion denied the requested relief holding that the motion did not constitute a certification. The court also suggested what an appropriate certification should contain:

> The debtor has not filed any certification with the Court. The debtor has filed an unverified motion. It contains no affidavit, declaration or other certification as to its accuracy. The plain language of § 109(h)(3) requires a certification. Without a certification, the motion is fatally defective. Normally, the certification should set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely to be obtained.

*Hubbard,* 332 B.R. at 288.

The three requirements for an acceptable certification under § 109(h)(3)(A) are couched in conjunctive language and, therefore, all three must be satisfied for the certification to be effective as a temporary exemption from the prepetition briefing mandated by § 109(h)(1). *Id.* at 287. The certification must:

1. Describe exigent circumstances that merit a waiver of the prepetition briefing requirement;

2. State that the debtor requested "credit counseling services" from an approved agency, but was unable to obtain the briefing within five days; and

3. Be acceptable to the Court.

*See* 11 U.S.C. § 109(h)(3)(A); *In re Watson,* 332 B.R. 740, 741 (Bankr.E.D.Va. 2005).

■ With respect to the first requirement of "exigent circumstances," Mr. Cleaver indicates that he had to file bankruptcy on an emergency basis because a sheriff's sale of his residence "is scheduled for tomorrow," that he filed to stop the sale and retain his property, and there was insufficient time to complete the required

U.S. 213, 220, 118 S.Ct. 1212, 140 L.Ed.2d    341 (1998).

briefing prior to filing. There is no definition of "exigent circumstances" in the Bankruptcy Code. Black's Law Dictionary defines the phrase as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures...." Black's Law Dictionary 236 (7th ed.1999).

It can be argued that the exigency in this case is self-created. After all, foreclosures in Ohio follow a lengthy judicial process, typically lasting several months before the gavel finally falls at a sheriff's sale. Mr. Cleaver might have filed his bankruptcy a week, two weeks, or even a month earlier thus allowing sufficient time to obtain the briefing. However, the common reality is that many debtors file at the last minute just before a foreclosure sale or the loss of their money or possessions to creditors.[6] Furthermore, it is difficult to conceive of any exigent circumstances related to bankruptcy that would not involve impending creditor action. Absent some sort of immediate collection activity, there is no urgency affecting the timing of a bankruptcy filing. Consequently, the immediacy of the foreclosure sale in this case appears to be exactly the sort of exigent circumstance contemplated by the statute.

■ The typical brinkmanship attributable to such exigent circumstances may be considerably curtailed by the second certification requirement. In addition to certifying the existence of exigent circumstances, the debtor must certify that he requested the required credit counseling services from an approved agency, but was "unable to obtain the services...during the 5–day period beginning on the date on which the debtor made that request." 11 U.S.C. § 109(h)(3)(ii). Given the general rule of § 109(h)(1) that, to be eligible for bankruptcy relief, a debtor must receive his or her credit briefing prior to filing the petition, the quoted language of § 109(h)(3)(ii) would appear to require a five-day waiting period before a debtor could file a petition together with the certification. Arguably, a debtor on the date of filing a bankruptcy petition could ascertain that credit briefing would not be available prospectively within five days and thereby qualify under the language of the statute. Another issue raised by the language is whether a debtor need only certify that a single agency was not able to provide the services within five days, as a literal reading would seemingly compel, or must instead certify that no approved agency could provide the services within five days.

The court need not decide these issues because in this case Mr. Cleaver did not certify or mention anything regarding his prepetition attempts to obtain a credit briefing, but only that he would promptly obtain the briefing postpetition. While Mr. Cleaver's attempt at compliance may have been pragmatic and well-intentioned given the exigent circumstances, it does not comply with the statutory certification requirements. *See, e.g., In re Gee,* 332 B.R. 602, 603 (Bankr.W.D.Mo.2005) (recognizing that exigent circumstances existed, but denying debt counseling waiver for debtor's failure to certify that she requested credit counseling and was unable to obtain the services during the five-day period beginning on the date the debtor made the request).

---

**6.** Bankruptcy is frequently a last resort because many debtors attempt to repay their creditors and avoid the stigma associated with a bankruptcy filing for as long as possible. As a matter of policy, that seems appropriate and in accord with the general tenor of BAPCPA, but, as discussed later in this decision, the newly amended statute also penalizes those debtors who wait until the penultimate hour or the "eve of foreclosure" to file their bankruptcy petitions.

■ Pursuant to the newly enacted changes to the Bankruptcy Code, an individual must receive credit briefing prior to filing for bankruptcy protection, or he must submit a certification to the court describing exigent circumstances and detailing the unavailability of the credit briefing during the five days after requesting it. In the absence of the certificate of an approved nonprofit budget and credit counseling agency verifying Mr. Cleaver's receipt of the credit briefing prior to filing as per § 521(b) or Mr. Cleaver's certification in compliance with § 109(h)(3), he is not eligible to be a debtor under the Bankruptcy Code. Therefore, Mr. Cleaver's *Motion for Waiver of the Requirement to Obtain Budget and Credit Counseling Prior to Filing* is denied and this case shall accordingly be dismissed by separate order.

**SO ORDERED.**