**In re Crystal DAVENPORT, Debtor.**

**No. 8:05–BK–29673–KRM.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 6, 2005.

Charles H. Dittmar, Jr., Law Office of Charles H. Dittmar, Jr., Tampa, FL, for Debtor.

## ORDER DENYING AMENDED MOTION TO EXCUSE COMPLIANCE WITH REQUIREMENT FOR PRE–PETITION CREDIT COUNSELING AND DISMISSING CHAPTER 13 CASE

K. RODNEY MAY, Bankruptcy Judge.

The debtor seeks to be excused from complying with the pre-petition credit counseling requirement of 11 U.S.C. § 109(h), alleging only that certain "exigent circumstances"—the imminent repossession of her truck—made pre-petition credit counseling "meaningless." Two days after filing the petition, the debtor did receive the approved credit counseling. For the reasons stated below, the debtor's Amended Motion to Excuse Pre–Petition Credit Counseling (the "Motion," Document No. 10) is denied and the case will be dismissed.[1]

### BACKGROUND

■ On November 8, 2005, one of the debtor's two vehicles was repossessed by a secured creditor. The debtor filed this Chapter 13 petition on November 9, 2005, to prevent repossession of the remaining vehicle by the same creditor.[2]

The debtor alleges she was unable to obtain credit counseling before filing the petition, not because she requested it from an approved vendor and was denied access, but because the creditor seeking repossession would not suspend its repossession efforts for one or two days. On November 11, 2005, after filing this petition, the debtor obtained the approved credit counseling. On November 17, 2005, the debtor filed her Amended Motion to Excuse Compliance with Requirement for Pre–Petition Credit Counseling.[3]

### DISCUSSION

■ Under Section 109(h) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, an individual cannot be a "debtor" under Title 11 without receiving credit counseling during the 180–day period prior to filing a bankruptcy petition. Without this compliance an individual is ineligible for relief under Title 11.

■ Subsection (3) of Section 109(h) temporarily excuses an individual from pre-petition counseling, but only if the individual files a "certification" with the court establishing that: (1) exigent circumstances merit a waiver of pre-petition credit counseling; (2) the individual requested, but was unable to receive, credit counseling within five days of the request; and (3) the court is satisfied with the certification.[4]

■ The debtor did establish, to the Court's satisfaction, that exigent circum-

---

1. A prior case, Case No. 8:05–bk–06596, was filed on April 8, 2005, in an attempt to save the debtor's home from foreclosure. On October 28, 2005, before a plan was confirmed, that case was dismissed for failure to make monthly payments to the Chapter 13 trustee.

2. In Florida, if a vehicle is repossessed after default, title (ownership) passes to the secured creditor. *Bell–Tel Fed. Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350, 1356 (11th Cir. 2002).

3. The debtor filed the counseling service's certification of completion with the Motion.

4. Section 109(h)(3) provides that the individual must "submit to the court a certification" setting forth the three requirements. Until the form of this "certification" is established by rule or by the official forms, it will suffice for a debtor to file a verified motion, an affidavit, or testify at the hearing on the Section 109(h) motion.

stances were present at the time she filed her petition. A creditor was actively seeking repossession of the family's only means of transportation. The debtor acknowledges, however, that she did not request credit counseling before filing; she urges this court, as a court of equity, to excuse her from complying with that requirement based on the exigent circumstances alone. She also argues "no harm, no foul" because she actually completed the counseling *after* filing.

 The statute is clear: the Court can only excuse compliance if the debtor satisfies all three requirements of Section 109(h)(3). Recent decisions of other courts reflect the emerging view that a bankruptcy court cannot disregard any of the requirements, even in the name of "equity."[5] This Court reads the statute the same way: to become a "debtor," an individual must establish that a request was made for credit counseling before the petition was filed.

Since the debtor has not met all three requirements of Section 109(h)(3), her motion will be denied. Accordingly, since she is ineligible to be a "debtor" under Title 11, the case will be dismissed as well.

As the debtor argues, this may be a futile result. The debtor will likely file another petition, with the certification of credit counseling now in hand. The Court has no discretion, however, to ignore the statutory requirements of Section 109(h)(3).

Accordingly, it is hereby

ORDERED:

1. The Amended Motion to Excuse Pre–Petition Credit Counseling is denied.

2. This Chapter 13 case is dismissed.

3. All pending hearings are hereby cancelled.

---

**5.** *See In re Cleaver,* 333 B.R. 430 (Bankr. S.D.Ohio 2005)(case dismissed where debtor did not show an attempt to obtain counseling pre-petition but made a promise to obtain the counseling post-petition); *In re Wallert,* 332 B.R. 884 (Bankr.Minn.2005)(case dismissed where debtor failed to establish, to the court's satisfaction, that she could not obtain credit counseling within five days of her request); *In re Hubbard,* 333 B.R. 377 (Bankr.S.D.Tex. 2005)(cases dismissed where certifications of post-petition credit counseling were not "satisfactory to the court"); *In re LaPorta,* 332 B.R. 879 (Bankr.Minn.2005)(credit counseling is a non-waivable prerequisite for going forward in bankruptcy). *In re Gee,* 332 B.R. 602 (Bankr.W.D.Mo.2005)(must establish that debtor requested counseling prior to filing).