**In re Tina Lavette GRAHAM, Debtor.**

No. 05–61921.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Dec. 21, 2005.

294

Christopher T. Kurtz, Kurtz and Kurtz Attorneys, Louisville, KY, for Debtor.

## ORDER

THOMAS H. FULTON, Bankruptcy Judge.

THIS MOTION comes before the Court on Debtor Tina Lavette Graham's ("Debtor") Motion for Extension to Comply with 11 U.S.C. § 109(h).[1] Debtor is requesting this Court allow her a thirty-day extension to receive the credit counseling and to submit to the Court the appropriate certificate now required of all individual debtors under § 109(h) as a result of the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act (the "BAPC-PA"). As more fully discussed below, based on a plain reading of § 109(h), this Court finds that the Debtor's Motion does not satisfy § 109(h)(3)(A)(iii).[2]      The Court

1. By virtue of 28 U.S.C. § 157(b)(2)(A), this is a core proceeding.

2. 11 U.S.C. § 109(h) provides in its entirety as follows:

(h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [11 USCS § 111(a)] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter.      Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request;  and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except

notes, however, that this statutory provision has caused considerable confusion throughout the country as to its requirements. Accordingly, this Court will allow this Debtor fifteen (15) days after entry of this Order to submit an amended motion complying with the requirements explained in detail below.[3] If the Debtor does not file an Amended Motion within the fifteen day period, this Court may dismiss this case without prejudice upon the filing of a motion by a party in interest (e.g. a creditor or the Chapter 13 Trustee, or the United States Trustee) and after notice and a hearing.[4] Of course, if the Debtor has by now obtained the required credit counseling, or obtains it before the foregoing deadline, the Debtor should immediately file with the Court the required "certificate" from the credit counseling agency.

The Debtor's Motion states as follows:

Comes the Debtor, by counsel, and move the Court to enter the following Order granting her an extension to complete her credit counsel briefing as required by 11 U.S.C. § 109(h), based on the following:

1. The Debtor's gas and lights have been disconnected and she has two small children and needs her power reconnected.

2. That the debtor will comply with the education requirement as quickly as she can locate a provider and obtain the required certification.

Wherefore, Debtor, by counsel, requests the Court enter the attached Order granting her an extension of time due to exigent circumstances.

The issue here is whether the Motion as submitted is sufficient to fulfill the requirements of § 109(h)(1).[5]

The BAPCPA added additional eligibility requirements to 11 U.S.C. § 109, which defines what is required in order to be a debtor under the Bankruptcy Code. Now, under § 109(h)(1), "an individual may not be a debtor under [the Bankruptcy Code] unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency...an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." There are certain exceptions to the credit-counseling requirement including, as is pertinent here, 11 U.S.C. § 109(h)(3)(A), which provides as follows:

Subject to subparagraph (B), the requirements of [§ 109(h)(1)] shall not apply with respect to a debtor who submits to the court a certification that—

---

that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities;

and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

**3.** See 11 U.S.C. § 521(b); Interim Bankruptcy Rule 1007(b)(3)

**4.** See 11 U.S.C. § 707(a).

**5.** Actually, 11 U.S.C. § 109(h)(3)(A) refers to a debtor who submits to the court a "certification" rather than a "motion" or "request."

(i) describes exigent circumstances that merit a waiver of the requirements of [§ 109(h)(1) ];

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the [credit counseling] services...during the 5–day period beginning on the date on which the debtor made the request; and

(iii) is satisfactory to the court.

■ The language of § 109(h)(3)(A) is seemingly straightforward. An individual debtor must submit a "certification" to the court that: (1) describes the exigent circumstances that merit a temporary waiver; and (2) states that the debtor requested credit counseling before filing his or her petition, but was unable to obtain the counseling within five days after making the request. Upon submission of this information, the court must determine if the "certification" is "satisfactory." 11 U.S.C. §§ 109(h)(3)(A)(i),(ii), and (iii) are stated in the conjunctive, meaning that each element must be satisfied before the court can permit the extension of time. Whether the individual debtor's "certification" is "satisfactory" to the court is to be resolved on a case-by-case basis considering a totality of the particular facts and circumstances. The individual debtor bears the burden of demonstrating or detailing the background facts that might be "satisfactory to the court." Interestingly, §§ 109(h)(3)(A)(i),(ii), and (iii) do not expressly require notice and a hearing.

■ Although seemingly straightforward, § 109(h)(3)(A) has already inspired considerable litigation. Several courts have wrestled with the issue of what constitutes "certification" by the debtor and have come to varying conclusions. For example, the Court in *In re Wallert*, 332 B.R. 884 (Bankr.D.Minn.2005), found "cer-

tification" to mean a declaration under penalty of perjury as required under 28 U.S.C. § 1746. Other bankruptcy courts, however, have found 28 U.S.C. § 1746 inapplicable and have imposed less onerous attestation requirements. *See In re Talib*, 335 B.R. 417 (Bankr.W.D.Mo.2005); *In re Nash, unpublished opinion* (Bankr. W.D.Tenn.2005)(Case No. 05–40061–B); *In re Cleaver*, 333 B.R. 430 (Bankr. S.D.Ohio 2005) (requiring, at a minimum, a written statement that the signer affirms or attests to be true); and *In re Davenport*, 335 B.R. 218 (Bankr.M.D.Fla.2005) (requiring only that the debtor file a verified motion, an affidavit, or testify at the hearing on the Section 109(h) motion).

Based upon a plain reading of 11 U.S.C. § 109(h)(3)(A), this Court is inclined to follow the lead of the Courts in *Talib*, *Nash*, *Cleaver* and *Davenport* and finds that use of the term "certification" does not require adherence to the formal requirements of 11 U.S.C. § 1746. The failure of Congress to require expressly that a debtor adhere to 28 U.S.C. § 1746 when filing his or her motion under § 109(h)(3)(A) prevents this Court from imposing such stringent requirements upon a debtor. Instead, this Court finds that "certification" simply means that a debtor must sign his or her motion requesting the extension.

11 U.S.C. § 109(h)(3)(A) also requires that the motion (or "certification") signed by a debtor must set forth the "exigent circumstances" that prevented the debtor from receiving credit counseling prior to filing of his or her bankruptcy petition. Congress did not define "exigent circumstances," and several courts have already had to consider what that term means. All have focused on the particular factual situations of the individual debtors before them to determine if exigent circumstances existed. For example, the Court

in *In re Hubbard,* 333 B.R. 377 (Bankr. S.D.Tex.2005), found that the immediate foreclosure of the family home or repossession of a car constituted "exigent circumstances." In *Cleaver,* the Court cited the Black's Law Dictionary definition of exigent circumstances, as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures..." and found that "it is difficult to conceive of any exigent circumstances that would not involve impending creditor action." *In re Cleaver,* 333 B.R. at 435. On the other hand, the Court in *Talib* noted that most debtors know of impending foreclosure actions well in advance of the actual date of sale, and, although not finding that a "debtor waiting until the eleventh hour may never satisfy the exigent circumstances exception," did require that "a certification requesting a waiver in such a situation must not only address the imminence of the event...but also provide an explanation as to why the required credit counseling services were not or could not have been obtained prior to filing." *In re Talib,* 335 B.R. 417, 421–22.

■ As apparent from the rulings of other courts, the finding of "exigent circumstances" should be determined on a case-by-case basis. This Court is well aware that many people seek bankruptcy relief in order to forestall the repossession of a needed car or prevent the foreclosure of a family home. In both of these instances, as well as the many other scenarios that come before this Court on a daily basis, it is likely that this Court will not have difficulty finding the existence of exigent circumstances as contemplated under § 109(h)(3)(A)(i) based on impeding creditor action that will materially affect the debtor or dependants of the debtor.

■ The motion (or "certification") submitted to the court by the debtor must also state that the debtor sought credit counseling prior to filing of the petition but was unable to "obtain" such counseling within five days of the request. 11 U.S.C. § 109(h)(3)(A)(ii). Thus, to quality for an extension, a debtor must set forth in his or her motion (or "certification") that he or she attempted to receive counseling but was unable to "obtain" the counseling from the approved service provider agency contacted. In this regard, the Court finds no express requirement in § 109(h) that a debtor exhaust all credit counseling options or that a debtor absolutely accept any offer of counseling, no matter how inconvenient or onerous. Rather, the Court believes that whether credit counseling can be "obtained" by a debtor within the requisite time period should be judged by what a debtor can *reasonably* accomplish in light or his or her particular, and likely exigent, circumstances. Conversely, whether credit counseling can be "obtained" should not be determined simply by looking at what a credit counseling agency offers a debtor. In coming to this conclusion, the Court is guided by the clear intent of Congress in creating the Bankruptcy Code to provide relief and a fresh start to honest but unfortunate debtors who otherwise would face a series of untenable choices. Surely such a body of persons ostensibly guided by mercy would not strand the lost so squarely between Scylla and Charybdis! Accordingly, the Court finds that a motion seeking an extension under § 109(h) must contain a statement describing the debtor's efforts to contact one of the approved credit counseling agencies and the facts and circumstances that rendered the debtor unable reasonably to accept or complete the credit counseling offered within the requisite five-day period.

■ Applying the statutory language of the § 109(h)(3)(A) to the Motion at issue

(i.e. the "certification"), it is evident that the Debtor failed to meet the requirements of § 109(h)(3)(A). First, although the Debtor describes arguably exigent circumstances, the Motion (i.e., "certification") was not signed by the Debtor, which this Court finds is the minimum requirement for "certification." Second, Debtor's Motion does not state whether the Debtor even sought prepetition credit counseling. Accordingly, the Debtor's motion is not "satisfactory."

■ Nevertheless, given the confusion over interpretation of § 109(h)(3)(A) and the fact that no Bankruptcy Court with the Western District of Kentucky has previously ruled on these issues, this Court will allow the Debtor fifteen (15) days from the entry of this Order to amend her Motion to allow her to sign it and also to describe her attempts to seek prepetition credit counseling and the reasons why she was or would have been unable to accept or complete any offered counseling during the five-day period preceding the filing of her petition (e.g. temporary illness or disability).[6] If the Debtor has by now obtained the required credit counseling, or obtains it before the foregoing deadline, the Debtor should immediately file with the Court the certificate required by 11 U.S.C. § 521(b) and Interim Bankruptcy Rule 1007(b)(3).

---

6. This Court believes that if a debtor reasonably believes that he or she cannot reasonably complete the offered credit counseling within the five-day period, he or she need not wait until the end of the five-day period to file his or her bankruptcy petition.