In re Juan MINGUETA, Debtor.

No. RS 06–10012 PC.

United States Bankruptcy Court,
C.D. California,
Riverside Division.

Feb. 13, 2006.

834

Juan Mingueta, Hesperia, CA, pro se.

## AMENDED MEMORANDUM DECISION

PETER H. CARROLL, Bankruptcy Judge.

The court, having considered its Order to Show Cause Re: Dismissal entered on January 6, 2006, in conjunction with the *ex parte* request of Debtor, Juan Mingueta ("Mingueta") for a waiver of the require-

ment to obtain pre-bankruptcy budget and credit counseling, makes the following findings of fact and conclusions of law.[1]

## I. STATEMENT OF FACTS

On January 4, 2006, Mingueta filed his voluntary petition under chapter 13 of the Bankruptcy Code.[2] None of the documents required by either § 521(a)(1)[3] or Rule 3015(b)[4] accompanied the petition. On the face of the petition,[5] Mingueta checked certain boxes indicating that he had assets on date of bankruptcy valued between $100,001 and $500,000 and up to 49 creditors holding claims of between $100,001 and $500,000. Only two creditors, Ocwen Loan Servicing and Alliance Default Services, Trustee, were listed in Mingueta's creditor matrix, suggesting that the bankruptcy was commenced primarily to halt a pending foreclosure sale of property owned or occupied by Mingueta.

On page 2 of the petition, Mingueta made the following representation under penalty of perjury by checking a box under a section of the petition entitled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s)":

"I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)"

1. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

3. Section 521(a)(1) requires the debtor to file—
   (A) a list of creditors; and
   (B) unless the court orders otherwise—
      (i) a schedule of assets and liabilities;
      (ii) a schedule of current income and current expenditures;
      (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—
         (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
         (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
      (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
      (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
      (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12–month period following the date of the filing of the petition;
   . . .
   11 U.S.C. § 521(a)(1). In a voluntary case, the documents must be filed either with the petition or within 15 days thereafter if the petition is accompanied by a list identifying the debtor's creditors and their respective addresses. See Fed. R. Bankr.P. 1007(c).

4. Rule 3015(b) states, in pertinent part:
   The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct.
   Fed. R. Bankr.P. 3015(b).

5. Form B1 (Official Form 1) (Rev.10/05).

No "certification" or other document containing facts supporting Mingueta's claim of exigent circumstances was either attached to nor filed contemporaneously with the petition.

On January 6, 2006, the court entered an Order to Show Cause Re: Dismissal ("OSC") directing Mingueta to appear at 10:30 a.m. on February 1, 2006, to show cause why the case should not be dismissed due, in pertinent part, to his failure to file either a Certificate of Credit Counseling or Certificate of "Exigent Circumstances" in compliance with 11 U.S.C. § 109(h). Although properly served with the OSC and notice of hearing, Mingueta neither responded to the OSC, appeared at the February 1st hearing, nor corrected the deficiencies set forth in the OSC.

## II. DISCUSSION

The court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Section 521(b), added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,[6] now requires individual debtors to file with the court:

(1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and

(2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency. . . .

11 U.S.C. § 521(b). Section 109(h)(1) further states, in pertinent part:

. . . notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

■ Debtors residing in districts for which the United States trustee has determined that the approved agencies are not reasonably able to provide adequate credit counseling services are exempt from the requirements of § 109(h)(1). 11 U.S.C. § 109(h)(2)(A). However, Mingueta's compliance is not excused by § 109(h)(2)(A) because the United States trustee has made no such determination for the Central District of California.[7]

■ Section 109(h)(3) authorizes a temporary exemption from § 109(h)(1)'s credit counseling requirement if the debtor

---

**6.** Pub.L. No. 109–8, 119 Stat. 23 (April 20, 2005) ("BAPCPA").

**7.** Indeed, the United States trustee has approved at least 17 nonprofit budget and credit counseling agencies for the Central District of California pursuant to § 111. A complete list of the approved agencies providing credit

counseling services to debtors in the Central District of California by telephone, internet or in person can be obtained from the clerk of the court. The list is also available under the "Information" section of the court's website at www.cacb.uscourts.gov.

submits a certification to the court. 11 U.S.C. § 109(h)(3)(A). An unsubstantiated request is not a certification.[8] *See In re Hubbard*, 333 B.R. 373, 376 (Bankr. S.D.Tex.2005) (stating that Congress has defined in 28 U.S.C. § 1746 the type of document required "when a law requires that a matter contain a certification"). *But see In re Cleaver*, 333 B.R. 430, 434–35 (Bankr.S.D.Ohio 2005) (holding that an unsworn motion simply stating that, due to a pending foreclosure sale, there was "insufficient time to complete the required Budget and Credit Counseling prior to filing" constituted a certification for purposes of § 109(h)(3)(A)). Furthermore, the certification must satisfy § 109(h)(3)(A)'s three-part test. *See, e.g., In re Davenport*, 335 B.R. 218, 221 (Bankr.M.D.Fla.2005) (stating that compliance can be excused only if debtor satisfies all three requirements of § 109(h)(3)); *In re Watson*, 332 B.R. 740, 745 (Bankr.E.D.Va.2005) (rejecting debtor's contention that § 109(h)(3)(A) must be read in the disjunctive); *In re Hubbard*, 332 B.R. 285, 289 (Bankr.S.D.Tex.2005) (observing that debtors must satisfy each of the elements of § 109(h)(3) because the language of the statute is conjunctive); *In re Gee*, 332 B.R. 602, 604 (Bankr.W.D.Mo. 2005) (holding that § 109(h)(3)(A)'s requirements "are stated in the conjunctive, meaning that each of the three requirements must be met").

■ First, a debtor's certification must describe exigent circumstances meriting a waiver of the credit counseling requirement. 11 U.S.C. § 109(h)(3)(A)(i). Second, the certification must state that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services required by § 109(h)(1) during the 5–day period beginning on the date on which the debtor made the request. 11 U.S.C. § 109(h)(3)(A)(ii). Finally, the certification must otherwise be satisfactory to the court. 11 U.S.C. § 109(h)(3)(A)(iii).

■ Any temporary exemption granted under § 109(h)(3)(A) terminates on the date the debtor satisfies the requirements of § 109(h)(1) or 30 days after the petition date, whichever is sooner, unless the court, for cause, extends the exemption an additional 15 days. 11 U.S.C. § 109(h)(3)(B).

Section 109(h)'s credit counseling requirement has been labeled "[o]ne of the more absurd provisions of the new Act." *In re Sosa*, 336 B.R. 113, 114 (Bankr. W.D.Tex.2005). Courts construing § 109(h) universally question the wisdom of Congress in linking bankruptcy eligibility to pre-petition credit counseling, but agree that § 109(h)'s mandate is unambiguous and must be strictly enforced. *See, e.g., Sosa*, 336 B.R. at 114 (concluding that the "statute is clear and unambiguous"); *Davenport*, 335 B.R. at 221 (stating that "a bankruptcy court cannot disregard any of

---

**8.** Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, *certificate*, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, *certificate*, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: ...

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)

28 U.S.C. § 1746 (emphasis added).

the requirements, even in the name of 'equity' "); *Cleaver*, 333 B.R. at 433 (opining that "[w]hile some particulars of the statute may be ambiguous, such as the precise nature of the required briefing or the scope of 'exigent circumstances,' the essential import of this section is quite clear"); *In re Wallert*, 332 B.R. 884, 890 (Bankr.D.Minn.2005) (stating that "because the requirements of the statute are so clear and so exacting on their face, and because they dovetail with a rational divination of congressional intent, it simply is not open to the courts to depart from their express terms"); *In re LaPorta*, 332 B.R. 879, 883 (Bankr.D.Minn.2005) (stating that "Congress ... made its intent crystal-clear via an express prohibition: an individual who does not satisfy these prescriptions 'may not be a debtor' "); *Watson*, 332 at 745 (holding that § 109(h)(3)(A)'s language is "clear and unambiguous"); *Hubbard*, 332 B.R. at 288 (concluding that there is "no ambiguity in the statute").

▮ Eligibility to be a chapter 13 debtor is determined as of the petition date. *See, e.g., Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir.2001) (directing bankruptcy courts to look at the amount of debt disclosed in the petition for purposes of determining eligibility under § 109(e), "checking only to see that the schedules were made in good faith"); *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 872 n. 5 (9th Cir. BAP 2002) (stating that the amount of a chapter 13 debtor's debt is calculated as of the petition date to determine eligibility under § 109(e)). Absent strict compliance with § 109(h), individual debtors are ineligible for bankruptcy relief. *See Wallert*, 332 B.R. at 891 (concluding that "[w]hen a debtor's petition is not accompanied by proof that the debtor has gone through credit counseling pre-petition, or proof of a specific excuse for not doing so, that person simply cannot proceed to receive the complex of relief available under any chapter of the Bankruptcy Code"); *LaPorta*, 332 B.R. at 883 (stating that "[t]he performance of credit counseling pre-petition is a first-level requirement for any individual who seeks bankruptcy relief").

▮ In this case, Mingueta's request for relief from § 109(h)(1)'s credit counseling requirement does not satisfy § 109(h)(3)(A). The request is not supported by a certification, declaration or other competent evidence establishing either exigent circumstances or that Mingueta sought, but was unable to obtain, credit counseling services from an approved nonprofit budget and credit counseling agency prior to the commencement of the case.[9] Nor is there evidence that Mingueta is unable to comply with § 109(h)(1) due to incapacity, disability, or active duty in a military combat zone.[10]

---

9. "Normally, the certification should set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely to be obtained." *Hubbard*, 332 B.R. at 289.

10. Section 109(h)(4) states that § 109(h)(1) does not apply to a debtor "whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active duty in a military combat zone." 11 U.S.C. § 109(h)(4). "Incapacity," as used in § 109(h)(4), "means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." *Id.* "Disability," on the other hand, requires that the debtor be "so physically impaired as to be unable,

Having neither obtained credit counseling nor established grounds for a temporary or permanent waiver of § 109(h)(1)'s credit counseling requirement, Mingueta was ineligible to be a debtor when his chapter 13 petition was filed on January 4, 2006. Accordingly, Mingueta's request for an exemption from § 109(h)(1)'s credit counseling requirement is denied and the case will be dismissed without prejudice.

A separate order will be entered consistent with this opinion.

after reasonable effort, to participate in an in person, telephone, or Internet briefing'' man-

dated by § 109(h)(1). 11 U.S.C. § 109(h)(4).