**In re Gemma F. BURRELL, Debtor.**

No. SL 05–22004.

United States Bankruptcy Court,
W.D. Michigan.

March 23, 2006.

**665**

Daniel L. Kraft, Lansing, MI, for debtor.

Mary K. Viegelahn Hamlin, Kalamazoo, MI, for trustee.

**OPINION**

This matter comes before the court upon the Debtor's Motion for Order Allowing Additional Fifteen Days to File Credit Counseling Certification. The court bases its decision on the Motions filed by both parties and the cases cited therein, as well as the oral arguments.

On December 14, 2005, Gemma Burrell ("Debtor") filed bankruptcy pursuant to Chapter 13 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. As provided by Fed. R. Bankr.P. 1007(c) as adopted by Local Administrative Order 2005–04, and pursuant to 11 U.S.C. § 521(b), at the time of the filing of her bankruptcy petition the Debtor was also required to file a certificate from an approved credit counseling agency. This, she failed to do.

Instead the Debtor filed a Certification of Exigent Circumstances with her bankruptcy petition which stated that she received notice of a foreclosure sale on her home during the week of December 5, 2005; her first conference with her attorney took place on December 12, 2005; she filed bankruptcy on December 14, 2005, to halt the foreclosure sale scheduled for December 15, 2005; and she attempted to obtain credit counseling services prior to the filing of her petition but was unable to do so before filing her bankruptcy petition which would have stopped the foreclosure.

The Debtor's § 341 meeting was held on January 19, 2006, at which time the Trustee asked the Debtor whether she had obtained the requisite credit counseling from an approved agency. The Debtor

responded that she had not, and the § 341 meeting was adjourned.

On January 20, 2006, the Debtor filed a Motion for Order Allowing Additional Fifteen Days to File Credit Counseling Certification claiming that her legal counsel thought the certificate of credit counseling was due at the conclusion of her Chapter 13 case.

The Trustee's argument is threefold: all debtors must obtain credit counseling within the 180 days preceding bankruptcy which the Debtor has failed to do; the Debtor's Certification of Exigent Circumstances does not meet the requirements pursuant to 11 U.S.C. § 109(h)(3)(A); and the Debtor's requested relief under the Bankruptcy Code within 5 days of her request for credit counseling is in contravention of 11 U.S.C. § 109(h)(3)(A)(ii). The Trustee also argues that the request for an extension of time was not timely filed.

Seeking budget and credit counseling is a new eligibility requirement pursuant to 11 U.S.C. § 109(h) for individuals seeking bankruptcy protection. To be a debtor under Title 11, an individual must have received credit counseling within 180 days preceding the date of filing the bankruptcy petition. This counseling will presumably assist the individual in performing a budget analysis and help explore options other than bankruptcy.

Should the individual still choose bankruptcy, he must file with the court at the commencement of the case, "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the service provided to the debtor" and also file a copy of any resultant debt repayment plan. 11 U.S.C. § 521(b).

The Debtor, however, may be exempted from the requirement of receiving credit counseling services before the bankruptcy filing under certain specific circumstances. To satisfy the exemption requirements, a written certification must be filed with the court by the debtor, at the same time as the bankruptcy petition. 11 U.S.C. § 109(h)(3)(A). This certificate must: 1) describe exigent circumstances that merit a waiver of the requirement of pre-petition credit counseling. 11 U.S.C. § 109(h)(3)(A)(i); 2) state that the debtor requested credit counseling services from a credit counseling agency but was unable to obtain the services during the five day period beginning on the date of the debtor's request. 11 U.S.C. § 109(h)(3)(A)(ii); and 3) be satisfactory to the court. 11 U.S.C. § 109(h)(3)(A)(iii).

This exemption does not waive the requirement entirely; rather it simply permits a debtor under very limited circumstances to start the counseling post-petition, so long as it is completed no later than 45 days after the bankruptcy filing. 11 U.S.C. § 109(h)(3)(B).

However, the post-petition consultation may only be done by leave of the court. This leave, can only be granted if the bankruptcy filing is prompted by exigent circumstances and only to a debtor who has actually tried to obtain counseling pre-petition.

The Debtor's request for the exemption falls short of meeting the requirements of 11 U.S.C. § 109(h)(3)(A)(ii). The Debtor's statements in her certification identify an impending foreclosure sale of her home. We find that this circumstance meets the "exigent" requirement as contemplated by 11 U.S.C. § 109(h)(3)(A)(i).

[T]he common reality is that many debtors file at the last minute just before a foreclosure sale or the loss of their money or possessions to creditors … it is difficult to conceive of any exigent circumstances related to bankruptcy that

would not involve impending creditor action. Absent some sort of immediate collection activity, there is no urgency affecting the timing of a bankruptcy filing. Consequently, the immediacy of the foreclosure sale in this case appears to be exactly the sort of exigent circumstance contemplated by the statute.

*In re Cleaver,* 333 B.R. 430, 435 (Bankr. S.D.Ohio 2005)

■ Next, although vague, the Debtor states that she made a pre-petition request for credit counseling services from approved agencies as required by 11 U.S.C. § 109(h)(3)(A)(ii). But the Debtor fails to state that she was unable to obtain the services during the 5–day period beginning on the date on which the debtor made the request. The Debtor only attested that she was unable to get credit counseling "prior to the filing of the petition to stop the pending foreclosure sale." Debtor's Certification ¶ 6. This is not enough to meet the requirement for the exemption. See *In re Hubbard,* 332 B.R. 285, 289 (Bankr.S.D.Texas 2005).

Accordingly, this failure to meet one of the requirements of 11 U.S.C. § 109(h)(3)(A)(iii) means that her certification cannot be "satisfactory to the court." *In re Wallert,* 332 B.R. 884, 888 (Bankr.D.Minn.2005)(Because the Debtor's certification lacks proof of one of the statutory requirements for an exemption, it cannot be "satisfactory to the court," as required by 11 U.S.C. § 109(h)(3)(A)(iii)).

In addition, the Debtor still had not received credit counseling before her 341 meeting, 35 days after her petition was filed.[1] With the very specific, non-discretionary terms of the Act, the court has no choice but to apply the law as written.

Although this seems harsh, there is no other possible outcome. The newly-enacted changes to the Bankruptcy Code state that an individual must receive credit counseling prior to filing for bankruptcy or she must submit a certification to the court describing exigent circumstances and detailing the unavailability of credit counseling during the five days after requesting it.

■ In the absence of a credit counseling certificate verifying receipt of counseling prior to filing bankruptcy or a certification in compliance with 11 U.S.C. § 109(h)(3), Ms. Burrell is not eligible to be a debtor under the Bankruptcy Code.

Nothing we say here prohibits Ms. Burrell from refiling bankruptcy. However, she should be aware that another immediate bankruptcy filing has implications.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Debtor's Motion for Order Allowing Additional Fifteen Days to File Credit Counseling Certification is DENIED;

2. Debtor's Case No. 05–22004 is DISMISSED without prejudice;

IT IS FURTHER ORDERED that a copy of this Opinion and Order shall be served pursuant to Administrative Order 2004–06 (Mandatory Electronic Filing) upon Gemma F. Burrell, Daniel L. Kraft, Esq., and Mary K. Viegelahn–Hamlin, Esq., Chapter 13 Trustee.

---

1. Pursuant to 11 U.S.C. § 109(h)(3)(B) once the court determines that exigent circumstances exist, the debtor must complete credit counseling within 30 days of the date of filing.

If the debtor files a request to extend the time within the 30 day period, the court may grant an extension of no more than 15 days.