**In re Lorie Jane LAPORTA, Debtor.**

No. 05–90784.

United States Bankruptcy Court,
D. Minnesota.

Oct. 27, 2005.

**880**

Lorie Jane La Porta, Winona, MN, pro se.

## ORDER DETERMINING DEBTOR TO BE INELIGIBLE FOR BANKRUPTCY RELIEF, AND DISMISSING CASE WITHOUT PREJUDICE

GREGORY F. KISHEL, Chief Judge.

This is the third bankruptcy case commenced in this district since October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act"). It comes on before the court in chambers, for a consideration of whether the Debtor has met the eligibility requirement of 11 U.S.C. § 109(h)—a provision that was added to the Bankruptcy Code by the Act.

### POSTURE OF CASE

1. At 9:09 a.m. on October 21, 2005, the clerk of this court received, in paper format, the petition and schedules to commence this case under Chapter 7. The Debtor acted *pro se* in making this submission.

2. The petition pages of that submission were not in the form required under the Interim Rules adopted by this court in conformity with the Act.

3. In her submission, the Debtor did not present a certificate from an approved nonprofit budget and credit counseling agency, attesting to the receipt by the Debtor of certain services (a "briefing" regarding credit counseling available to the Debtor and a "related budget analysis"), as required by 11 U.S.C. § 109(h)(1) and Interim Bankr.R. (D.Minn.) 1007(b)(3) and 1007(c).

4. The Debtor did submit, on a separate page of typescript, a three-paragraph unverified, unsigned statement that began "As far as credit counseling goes ..." This apparently is a statement by the Debtor herself. In it, she attests to using the Website for the United States Trustee Program of the United States Department of Justice to locate a credit counseling agency. On the basis of that use, she apparently concluded that "what is listed was way beyond the territory I can afford to travel for time and distance, and gas prices." The Debtor goes on to evince her willingness to use "a free online course that I can take," "if it were available." She closes with "Any help you can give would be great."

5. The Debtor's submission included another unsigned, unverified, and unattributed statement, printed on orange paper stock, headed "URGENT!" This, too, is apparently a statement by the Debtor. The text contains references to a "vehicle [being] up for repossession the end of October," apparently at the instance of an entity called "CarMax," and the Debtor's inability to hire counsel for a bankruptcy filing in Minnesota. (The reasons given for the latter are "no money," and a dearth

of attorneys willing to represent petitioners in bankruptcy in the geographic area of the Debtor's residence.) The statement closes with a plea to "try to get CarMax any information they need in order to drop the Charge off and repossession on my car." There is no explanation as to what these words mean, in relation to a bankruptcy filing.

6. Due to the absence of this court's four judges from the district for a mandatory judicial meeting, the Debtor's petition was not presented to the assigned judge—the undersigned—until the afternoon of Monday, October 24, 2005.

## STRUCTURE OF GOVERNING LAW

1. 11 U.S.C. § 109(h)(1), enacted by the Act and effective for all bankruptcy filings made on or after October 17, 2005, requires an individual debtor to have received certain services from "an approved nonprofit budget and credit counseling agency," during the 180–day period preceding the date on which such a debtor files a bankruptcy petition.[1]

2. 11 U.S.C. § 521(b)(1) requires such a debtor to file a certificate from that agency, "describing the services provided to the debtor," as part of the documents to be submitted in connection with the commencement of the case. This document "shall be filed with the petition in a voluntary case." Interim Bankr.R. (D.Minn.) 1007(b)(3) and 1007(c).

3. Under 11 U.S.C. § 109(h)(3), a debtor may be exempted from the requirement of receiving those services before the bankruptcy filing, on certain very narrow and specific grounds.

4. Facts to satisfy those grounds must be set forth in a written certification by the debtor. 11 U.S.C. § 109(h)(3)(A). If a debtor is seeking this exemption, she must file this certification in lieu of a credit counseling agency's certificate. Again, however, this certification must be filed "with the petition in a voluntary case." Interim Bankr.R. (D.Minn.) 1007(b)(3) and 1007(c).

5. Under federal law, a "certification" must be "subscribed," i.e., signed by the declarant. It also must contain the declarant's statement that the content of the document is true and correct, with an acknowledgment that the declarant is under the penalty of perjury in making the statement. 28 U.S.C. § 1746.

6. The certification required by 11 U.S.C. § 109(h)(3)(A) must:

    a. "describe[ ] exigent circumstances that merit a waiver" of the requirement of pre-petition credit counseling, 11 U.S.C. § 109(h)(3)(A)(I);

    b. "state[ ] that the debtor requested credit counseling services" from such an agency, "but was unable to obtain the services ... during the 5–day period" beginning on the date of the debtor's request, 11 U.S.C. § 109(h)(3)(A)(ii); *and*

    c. be "satisfactory to the court," 11 U.S.C. § 109(h)(3)(A)(iii).

7. The "exemption" from the requirement of receiving credit counseling services in connection with a bankruptcy filing is not permanent. It only lasts for 30 days after the filing of the bankruptcy petition, subject to a 15–day extension "for cause." 11 U.S.C. § 109(h)(3)(B).

8. The "briefing" by a credit counseling agency may be "conducted by telephone or on the Internet ..." 11 U.S.C. § 109(h)(1).

---

1. All further statutory references will be to the text of the Code as it stands after the effective date of the Act.

9. To be "approved" by the United States Trustee for the provision of services to debtors, a credit counseling agency "shall, at a minimum ... provide [budget and credit counseling] services without regard to the ability to pay the fee," if it does charge a fee for the services. 11 U.S.C. § 111(c)(2)(B).

## CONCLUSIONS OF LAW

■ 1. Though unsigned, and hence unidentified to a declarant, the two written statements identified earlier will be attributed to the Debtor. Because they are not subscribed under penalty of perjury, however, they do not constitute a "certification," as 11 U.S.C. § 109(h)(1) expressly requires.

■ 2. In any event, the factual content of the Debtor's statements is not "satisfactory to the court," 11 U.S.C. § 109(h)(3)(A)(iii). There are two reasons:

a. The facts that the Debtor has recited do not qualify as "exigent circumstances" under 11 U.S.C. § 109(h)(3)(I), because they do not make sense. If "CarMax" has a lien on the Debtor's vehicle, a filing under Chapter 7 will not affect the validity or enforceability of that lien.[2] In the great majority of cases, a Chapter 7 filing will only defer the enforcement of a consensual lien, via the temporary interposition of the "automatic stay" in bankruptcy under 11 U.S.C. § 362(a). During the case, the automatic stay may be terminated by motion of a secured creditor, pursuant to 11 U.S.C. § 362(d). Without some indication that "CarMax" would make significant concessions to the Debtor on her delinquency in payment after a Chapter 7 filing, there is nothing to support a conclusion that the Debtor must file now to gain some permanent benefit on the debtor-creditor dispute that she apparently considers to be her most serious credit-related problem.

b. The Debtor never states that she actually made a request to an approved agency for credit counseling services, let alone that she was unable to timely obtain such services after such a request. She only states that she made a Website search, and then concluded in isolation that she could not afford to travel to the approved agencies that she identified through that search, for an in-person briefing and counseling.

3. Thus, because the Debtor has not met the requirements of 11 U.S.C. § 109(h)(3)(A), she is not entitled to the temporary exemption from the requirement of 11 U.S.C. § 109(h)(1).

4. Because the Debtor has not evidenced her pre-petition compliance with 11 U.S.C. § 109(h)(1), and because the Debtor has admitted to the court that in fact she did not comply with the requirement of pre-petition credit counseling, she "may not be a debtor under" the Bankruptcy Code, 11 U.S.C. § 109(h)(1).

**2.** It is "well-established" that, as a general matter, creditors' liens pass unaffected through bankruptcy proceedings, despite a grant of personal discharge to a debtor. *In re Be–Mac Transport Co., Inc.*, 83 F.3d 1020, 1025 (8th Cir.1996); *In re Annen*, 246 B.R. 337, 340 (8th Cir. BAP 2000). The one qualification on this precept is that a lien may be avoided, which is to say "lifted off" the collateral, during the course of a bankruptcy case, if the trustee or the debtor uses one of the specific and limited provisions of the Code allowing for such an avoidance. *Harmon v. United States*, 101 F.3d 574, 581 (8th Cir. 1996) (citing *In re Penrod*, 50 F.3d 459, 461–462 (7th Cir.1995)).

5. The Debtor therefore is not eligible for relief under Chapter 7 under color of the petition that she filed to commence this case.

■ 6. This lack of eligibility is an incurable defect in the Debtor's petition, arising from facts presented by the Debtor herself. Thus, there is cause to dismiss this case without further delay.

## DISCUSSION

The result just reached is harsh. However, none other is possible under the bankruptcy law regime that went into effect on October 17, 2005.

As part of the Act, Congress mandated all individual debtors who seek bankruptcy relief to go through a consultation with an approved credit counseling professional. This consultation is to consist of a "briefing" as to "opportunities for available credit counseling" and a "related budget analysis." The preferred course is that the consultation is done pre-petition, during the 180 days before the bankruptcy filing. The consultation may be done post-petition, as long as it is completed within 45 days after a bankruptcy filing at the very latest. However, a post-petition consultation may be done only by leave of the court. That leave is to be granted only for a bankruptcy filing that is prompted by "exigent circumstances." Further, it is to be granted only to debtors who actually tried to obtain the counseling pre-petition, via an actual request to a credit counseling agency but who were unable to get the counseling service promptly enough against the backdrop of the "exigent circumstances."

■ The statute is utterly clear. The performance of credit counseling pre-petition is a first-level requirement for any individual who seeks bankruptcy relief. That prerequisite may be overridden, and the court may permit the credit counseling to be obtained post-petition. However, this is possible only if a debtor certifies that she meets the requirements of 11 U.S.C. § 109(h)(3)(A), in their exacting detail. If such a debtor does not submit this certification with her petition for bankruptcy, in proper form, and with content "satisfactory to the court," the first-level requirement is not overridden. When that is the case, a debtor must show, as part of her initial filing, that she has received credit counseling pre-petition. That is done by "fil[ing] with the court" the credit counseling agency's certificate that it provided described services to the debtor, with her petition for bankruptcy.

It is of paramount significance that Congress placed these requirements in 11 U.S.C. § 109, the Code's provision that governs the fundamental eligibility to "be a debtor." This statute is a necessary threshold to pursuing bankruptcy relief; it identifies who may file a petition for bankruptcy relief in the first place and—by exclusion—who may not do so.

That placement alone would be enough to elevate the requirement of credit counseling to signal importance. However Congress also made its intent crystal-clear via an express prohibition: an individual who does not satisfy these prescriptions "may not be a debtor." When a debtor's petition is not accompanied by proof that the debtor has gone through credit counseling pre-petition or proof of a specified excuse for not doing so, that person simply cannot proceed to receive the complex of relief available under any chapter of the Bankruptcy Code.

■ On its face, 11 U.S.C. § 707(a) requires "cause" before a petition under Chapter 7 may be dismissed. A lack of statutory eligibility to "be a debtor," if it goes to a default on the part of the debtor that is incapable of cure under the very

terms of the Code, is the very most fundamental "cause" for dismissal.

As hard as it may fall on the Debtor here, that is the only possible outcome given the content of her submissions to the court. It is unmistakable that Congress intended to make credit counseling a non-waivable prerequisite for going forward in bankruptcy. This court has no authority to ignore that intent, or to rule contrary to it. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) (statutory language must be regarded as conclusive, absent "a clearly expressed legislative intention to the contrary," and the courts must apply it as such).

### ORDER

On the decision just memorialized,

IT IS HEREBY DETERMINED AND ORDERED:

1. Debtor Lorie Jane LaPorta is not eligible for relief under the Bankruptcy Code in this case.

2. This case is dismissed, without prejudice to the Debtor's right under governing law to file another petition for relief under the Bankruptcy Code.