In re Virginia R. RANDOLPH, Debtor.

No. 05–15752–3P7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 2, 2005.

Virginia R. Randolph, Anthony, FL, pro se.

## ORDER DENYING DEBTOR'S MOTION FOR EXEMPTION FROM CREDIT COUNSELING AND DISMISSING CASE

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon Debtor's Motion for Exemption from Credit Counseling, or in the alternative to Extend Time for Compliance. Debtor filed her petition in bankruptcy on November 29, 2005, and is therefore subject to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-PA"). By enacting the new law Congress made it clear that changes in the bankruptcy law were necessary.

Pursuant to 11 U.S.C. § 109(h) of the Bankruptcy Code, "[a]n individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing ... that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1).

The requirements of § 109(h)(1) "shall not apply with respect to a debtor who submits to the court a certification that

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made the request; and

(iii) is satisfactory to the court."

11 U.S.C. § 109(h)(3)(A).

Debtor's Motion merely states that she was unable to contact the credit counseling agency in a timely manner. There is nothing in Debtor's Motion that states she requested but was unable to obtain the required credit counseling within five (5) days from her request. Additionally, as the United States Trustee has certified eleven (11) agencies as approved providers of pre-petition credit counseling in the Middle District of Florida, it is highly unlikely that if Debtor had prioritized obtaining counseling that she would have been unable to fulfill the requirement. 11 U.S.C. § 109(h)(3)(A) does not extend to situations, such as in the instant case, in which a debtor simply fails to prioritize the counseling requirement. Therefore, based upon the requirements as set forth under 11 U.S.C. § 109(h), the Debtor is not eligible to be a debtor under the Bankruptcy Code.

It is,

ORDERED:

1. Debtor's Motion for Exemption from Credit Counseling is denied.

2. Debtor's Motion to Extend the Time to Comply with § 109(h) is denied.

3. The case is dismissed.