# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

——————

No. 05-6059EM

——————

In re:                                              *
                                                    *
Keith L. Dixon,                                     *
                                                    *
        Debtor.                                *
                                                    *
Keith L. Dixon,                                     *
                                                    *
        Debtor-Appellant,          *    Appeal from the United States
                                                    *    Bankruptcy Court for the Eastern
        v.                            *    District of Missouri
                                                    *
John V. LaBarge, Jr.,                               *
                                                    *
        Trustee-Appellee.             *

——————

Submitted: January 31, 2006
Filed: February 17, 2006

——————

Before KRESSEL, Chief Judge, FEDERMAN and MAHONEY, Bankruptcy Judges.

——————

KRESSEL, Chief Judge.

The debtor appeals the bankruptcy court's[1] order determining that he was not eligible to be a debtor in a bankruptcy case and its order dismissing his case. Because we feel that the bankruptcy court correctly applied the statute and did not abuse its discretion, we affirm.

## BACKGROUND

The debtor filed his chapter 13 case on November 10, 2005. The debtor's case is governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23. With his petition, the debtor filed a document entitled "Certification Requesting Waiver of Debt Counseling by Individual Debtor." The certification was attested to under penalty of perjury. Because the certificate is of the ultimate significance, we set out its contents in full.

> 1. My real estate, residence and homestead was scheduled for foreclosure at 12:00 p.m., November 10, 2005 at the St. Louis County Courthouse, Clayton, MO.
>
> 2. I did not contact an attorney to determine how I could stop said foreclosure until approximately 6:30 p.m., November 9, 2005.
>
> 3. I was advised that I had to file a Chapter 13 Petition prior to 12:00 p.m., on November 10, 2005 to stop the foreclosure or get the mortgage company to voluntary halt the foreclosure.

---

[1] The Honorable Barry S. Schermer, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

4.      I had already attempted to get the mortgage company to stop the foreclosure so I determined that I would have to file the Chapter 13.

5.      I was advised that I had to complete credit or debt counseling prior to filing a bankruptcy and given the name of a Debt Counseling Service or Agency that had been approved by the U.S. Trustee's Office, Credit Counseling Centers of America of Dallas, Texas.

6.      That I called them and was advised that it would be two weeks before they could provide me with the debt counseling on the phone and that it would be twenty-four hours before they could provide me with the counseling by internet.

7.      I have no computer and had no access to the internet.

8.      It was therefore impossible for me to complete credit counseling prior to the time set for foreclosure on my home.

9.      If I did not file the Petition prior to the time set for the foreclosure and receive the protection of the automatic stay under the Bankruptcy Code, my home would have been sold in the foreclosure.

10.     It was therefore imperative that I file said Bankruptcy Petition prior to the foreclosure and without the debt counseling.

Wherefore, I request waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.

The bankruptcy court reviewed the certificate and determined that the certificate did not describe exigent circumstances which merited a waiver of the statutory requirement of obtaining a prepetition briefing. As a result, the bankruptcy court held that the debtor was not eligible to be a debtor. In a subsequent order, the bankruptcy court dismissed the debtor's case. On November 21, 2005, the debtor filed a "Motion to Set Aside" both of the bankruptcy court's orders. The motion was also apparently intended to constitute an amended certification and, in that regard, contained additional facts not contained in the debtor's original certification. On November 22, 2005, the bankruptcy court denied that motion.

On November 22, 2005, the debtor filed a Notice of Appeal appealing from the two orders of the bankruptcy court entered on November 16, 2005. In the body of the Notice of Appeal, the debtor notes the filing of his motion to vacate and the bankruptcy court's denial of that motion, however he does not appeal from the latter order. Consistent with the Notice of Appeal, the debtor filed, at the same time, a "Designation of Issues on Appeal," assigning no claims of error to the bankruptcy court's order of November 22, 2005.

DISCUSSION

One of the primary amendments enacted by BAPCPA, was a new eligibility requirement for individual debtors. Specifically, § 109(h)(1) states that, as a general rule, all individual debtors must receive an appropriate briefing during the 180 days preceding the date of filing. The statute indicates which agencies are eligible to provide such a briefing and, in very general terms, what such a briefing should entail. It is the clear expectation of the statute that all individual debtors receive such a briefing prior to filing. Section 521(b)(1) of the Bankruptcy Code requires "an individual debtor to file a certificate from the agency that provided the debtor's services under § 109(h) describing the services provided to the debtor. . . ." Presumably, the "services" in this section refer to the "briefing" required by §

4

109(h)(1).  See, *In re Laporta*, 332 B.R. 879, 883 (Bankr. D. Minn. 2005).  The bankruptcy court's implementation order requires the certificate to be filed with the petition.[2]

The requirements of § 109(h)(1) are explicitly subject to at least two exceptions. The first exception is found in § 109(h)(2).  If the United States Trustee certifies that there are no approved agencies available to provide adequate services in a district, then debtors in that district are excused from complying with the requirements of § 109(h).  That exception is not applicable here.

The second exception to § 109(h) is the one that is implicated in this appeal, namely that the debtor file a certification of exigent circumstances.  11 U.S.C. § 109(h)(3)(i).

There could be a third exception.  Section 109(h)(4) provides for an exception for debtors who are unable to complete the briefing requirements because of incapacity, disability, or active military duty in a military combat zone.  That subsection, on its face, says that the briefing requirements do not apply.  However, while the requirements of subdivision (h)(1) specifically excuse people who meet the requirements of subsections (2) and (3), it explicitly provides that the briefing requirement applies "notwithstanding any other provision of this section."  Thus, the language of § 109(h)(1) and (4) seem to preempt each other's applicability. Fortunately, we are not required in this appeal to attack that Gordian Knot.

---

[2]     Implementation Order for the United States Bankruptcy Court for the Eastern District of Missouri, at 16.  The bankruptcy court issued an "Amended Order Implementing Interim Procedures Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and Adopting Interim Bankruptcy Rules and Official Forms".  Last amended 1/19/2006.

CERTIFICATE OF EXIGENT CIRCUMSTANCES

The debtor in this case admittedly did not obtain the mandated briefing. Rather, he attempted to establish his eligibility under § 109(h)(3) which provides that the briefing requirement does not apply with respect to a debtor who submits to the court "a certification" under § 109(h)(3)(A) which provides:

> Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>
> > (i)　describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> >
> > (ii)　states that the debtor requested credit counseling services from an approved nonprofit budget and credit counsel agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> >
> > (iii)　is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). Subsection (B) goes on to provide that the waiver is good for only 30 days. There is a disagreement about whether the certification must be made under penalty of perjury. See *In re Hubbard*, 332 B.R. 285, 289 (Bankr. S.D. Tx. 2005) (Requiring a certification that is sworn under penalty of perjury); *Laporta*, 332 B.R. at 881; See also *In re Cleaver*, 333 B.R. 430, 434 (Bankr. S.D. Oh. 2005); *In re Talib* 335B.R. 417, 420 (Bankr. W.D. Mo. 2005); *In re Davenport*, 335 B.R. 218, 220 fn. 4 (Bankr. M.D. Fl. 2005); *In re Rodriguez*, No. 05-05694, 2005 WL 3676825 (Bankr. D. Id. Dec. 9, 2005); *In re Graham*, No. 05-61921, 2005 WL

6

3629925, *2 (Bankr. W.D. Ky. Dec. 21, 2005)(Stating that a certification need not be sworn under penalty of perjury). This debtor's certification was sworn to, so it is sufficient under both lines of cases.

By its terms the exigent circumstances exception has three statutory requirements. For analytical purposes we discuss them in reverse order.

SATISFACTORY TO THE COURT

After describing the two specific requirements of the certification, the statute adds the third: that the certification be "satisfactory to the court." It is unclear what substantive content this requirement has. It is difficult for us to posit a situation where a court would determine that the requirements of subdivisions (i) and (ii) are met, but, still is not satisfactory to the court.[3] However, rules of statutory interpretation require us to give some meaning to each provision of the statute. "It is our duty 'to give effect, if possible to every clause and word of a statute.'" *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)).

We think the fairest reading of the statute is that Congress wanted the court to exercise its discretion in making the determinations under subdivisions (i) and (ii). As such, we review any findings of fact made by the court for clear error, *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000), and we review the court's determination of the existence of exigent circumstances under subdivision (i) or the compliance with the requirements of subdivision (ii) for an abuse of discretion.

---

[3] At least one court has interpreted this portion of the statute to refer to the form of the certification. *In re Laporta,* 332 B.R. at 881. In *In re Laporta* the bankruptcy court stated that the certification must be sworn and meet the standards set in 28 U.S.C. § 1746.

## INABILITY TO OBTAIN BRIEFING

The second requirement of the statute is in large part objective. Subdivision (3)(A)(ii) requires that the certification state that the debtor requested credit counseling services from one agency, but was unable to receive it within five days. The debtor in this case specifically states in his certification that he was given the name of a debt counseling agency approved by the United States Trustee, called it, and was told that he could not receive debt counseling on the telephone for at least two weeks or on the internet for at least twenty-four hours. His certification goes on to say that he doesn't have a computer and has no access to the Internet. The bankruptcy court apparently accepted this part of the certification and implicitly determined that he was unable to obtain the briefing required by § 109(h)(1) within five days of his request.

## EXIGENT CIRCUMSTANCES

The most problematic of the requirements, and the one primarily implicated in this appeal, is the statute's requirement that the debtor's certification "describe exigent circumstances that merit a waiver of the requirements of paragraph (1)."

As courts have pointed out, that brief sentence has at least two substantive components: first, there must be exigent circumstances and, second, those circumstances must merit a waiver of the briefing requirements.[4] *In re Talib,* 335

---

[4] In this spot, the statute refers to a "waiver" of the briefing requirement. Later on, in § 109(h)(3)(B), the statute refers to it as an "exemption." Waiver is defined as a voluntary relinquishment of a known right or advantage. Black's Law Dictionary 1574 (7th ed. 1999). An exemption is defined as "a freedom from a duty, liability or other requirement." *Id.* at 593. Neither one is a particularly accurate term, since the debtor is required to eventually participate in such a briefing. What the court is authorized to grant would be better described as a "deferral" which is defined as an "Act of delaying, postponing or putting off." Black's Law Dictionary 421 (6th ed. 1990).

B.R. at 422-423; *In re Rodriguez*, No. 05-05694, 2005 WL 3676825, *5 (Bankr. D. Id. Dec. 9, 2005); *In re Cleaver*, 333 B.R. at 434. In this context, it is fair to say that "exigent" indicates that the debtor finds himself in a situation in which adverse events are imminent and will occur before the debtor is able to avail himself of the statutory briefing. Virtually, all of the cases in which the exigent circumstances certificate is filed will, in fact, involve exigent circumstances. After all, the reason that such debtors are filing bankruptcy quickly and before they receive the briefing is because they feel that they are unable to wait. The real question for the court in such certifications will usually be whether or not those exigent circumstances merit the statutory waiver.

In this case the bankruptcy court found that the certificate filed by the debtor did not merit a waiver. The bankruptcy court observed that Mo. Rev. Stat. § 443.310 requires twenty days notice of foreclosure under Missouri law. In the face of that much notice of the impending foreclosure sale, the bankruptcy court determined that his exigent circumstances did not merit the waiver of the prebankruptcy briefing requirement. We cannot say that the bankruptcy court abused its discretion in making that determination. A review of the reported decisions on facts similar to these, discloses that most courts have come to the same conclusion. See *In re Wallert*, 332 B.R. 884, 889 (Bankr. D. Minn. 2005); *In re Talib,* 335 B.R. at 422; *In re Randolph*, 05-15752-3P7, 2005 WL 3408043 (Bankr. M. D. Fl. Dec. 2, 2005); *In re Rodriguez*, 2005 WL 3676825, *8; *In re DiPinto*, No. 06-10112, 2006 WL 213721, *3 (Bankr. E.D. Pa. Jan 30, 2006) while others have decided that the circumstances merited waiver. See *In re Cleaver*, 333 B.R. at 435. As a reviewing court, we are not in a position to substitute our judgment for that of the bankruptcy court, which is in a position to review the certificate and whatever record exists at this preliminary stage of the case in making its determination. *Kelly v. Armstrong*, 206 F.3d 794, 802 (8th Cir. 2000). In the absence of an abuse of the bankruptcy court's discretion, we do not disturb its determination.

With this as background, we turn to the three orders that the bankruptcy court has entered in this case.

## ORDER DENYING REQUEST FOR WAIVER

This is an interlocutory order which, standing on its own, would not be appealable as of right, but because the case was later dismissed based on the determinations made in this order, we properly review the merits of this order as part of our review of the dismissal order. See *Dwyer v. Cohen (In re Dwyer)*, 244 B.R. 426, 428 (B.A.P. 8th Cir. 2000). As we discussed above, we find no abuse of discretion or other error in the bankruptcy court's denial of the debtor's request for a waiver.

## DISMISSAL ORDER

Once the bankruptcy court denied the debtor's request for a waiver, it concluded correctly that under § 109(h), the debtor was not eligible to be a debtor under the Bankruptcy Code. It determined, as virtually every court that has visited this issue has, that once that determination is made, dismissal of the case is appropriate. *In re Booth*, No. 05-45002, 2005 WL 3434776, *2 (Bankr. N.D. Fl. Oct. 19, 2005); *In re Laporta*, 332 B.R. at 884; *In re Cleaver*, 333 B.R. at 436; *In re Wallert,* 332 B.R. at 891; *In re Talib* 335B.R. 417 at 424; *In re Randolph*, 2005 WL 3408043, *1; *In re Davenport*, 335 B.R. at 221; *In re Rodriguez*, 2005 WL 3676825, *10; *In re Sosa*, No. 05-20097, 2005 WL 3627817 (Bankr. W.D. Tx. Dec. 22, 2005); *In re DiPinto*, 2006 WL 213721, *6.

However, two courts dismissed the debtors' petitions rather than dismissing their cases: *In re Childs*, Nos. 05-90089, 90185, 90045, 90001, 90029, 2005 WL 3529729, *6 (Bankr. D. Md. Dec. 19, 2005); *In re Valdez*, No. 05-60175, 2005 WL 3526495, *2 (Bankr. S.D. Fl. Dec. 13, 2005).

Yet, another court determined that since the debtor was not eligible to file, no case was commenced and therefore "striking" the petition was more appropriate than dismissal of the case. *In re Rios*, No. 05-55002, 2005 WL 3462728, *3 (Bankr. S.D.N.Y. Dec. 19, 2005).

Since the debtor has not really challenged the bankruptcy court's decision to dismiss his case  as opposed to dismissing or striking his petition, we need not decide among the various possible dispositions.

ORDER DENYING MOTION TO SET ASIDE

As noted, the debtor has not appealed from this order and we therefore lack jurisdiction to review it. *In re Dwyer*, 244 B.R. at 428.  In any case, neither the debtor's motion nor his brief on appeal point to any rule which would support his request for relief from the earlier orders.  As is so often true, this failure leaves us in the position of trying to guess which rule would arguably support the debtor's motion. See *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  We can assume that the motion was made under either Fed. R. Civ. P. 52, 59 or 60.  However, we are unable to otherwise figure out why the debtor believes he was entitled to any relief from the original orders.  Certainly none of those rules are an excuse to supplement the record for purposes of appeal, *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1285(8th Cir. 1998) although that is what the debtor seems to have done here.  In his brief, he argues many facts which were not presented in his original certification and thus not considered by the bankruptcy court in its original decision.

## CONCLUSION

We think the bankruptcy court did not abuse its discretion in determining that the debtor had not demonstrated exigent circumstances meriting a waiver of the prepetition briefing requirement. We agree with the bankruptcy court's conclusion that the debtor was therefore not eligible to be a debtor and that, therefore, dismissal of his case was appropriate. We, therefore, affirm.

———————————————