**In re Velma Gayle WALLACE, Debtor.**

No. 4:05–bk–40004.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

March 9, 2006.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On this date, the Court considers the motion to dismiss filed by the Chapter 13 Standing Trustee on November 1, 2005. The issue at bar is whether a debtor's case should be dismissed because she did not obtain credit counseling prior to filing her voluntary petition and did not file a certificate of credit counseling or a certification of exigent circumstances satisfying the three requirements allowing for a temporary waiver at the time of filing the petition.

On October 19, 2005, Velma Gayle Wallace ("Debtor") filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The case was one of the first filed in the district after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23 ("BAPCPA").

On October 20, 2005, the Court entered an Order regarding deficiencies in the petition that gave the Debtor 15 days from the filing date of the voluntary petition to file a certificate of credit counseling. The Debtor filed a motion to waive prepetition credit counseling on October 26, 2005, on the grounds that the counseling would cost 25% of the Debtor's take-home pay and that credit counseling would not have provided a solution to the Debtor's financial problems. She filed her certificate of credit counseling the next day, and the certificate lists October 26, 2005 as the date the credit counseling occurred. (Trustee's Ex. 1.)

On November 1, 2005, the Chapter 13 Trustee filed a motion to dismiss, alleging that the Debtor's failure to obtain credit counseling during the 180–day period preceding the petition filing violated 11 U.S.C. 109(h)(1).[1] A hearing was held on the motion to dismiss on December 2, 2005. At the conclusion of the hearing, the Court took the matter under advisement and both parties have filed briefs.

This Court has jurisdiction in accordance with 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Court has jurisdiction to enter a final order in this case.

## ARGUMENT

The Trustee argues that the statute is unambiguous in stating that the Debtor is required to obtain credit counseling before the petition is filed or submit a certification requesting a temporary waiver because of exigent circumstances. The certification must include a statement that the Debtor requested but was unable to obtain the credit counseling during the five days after she requested counseling.

The Debtor argues that the office of the Bankruptcy Clerk had not posted a list of approved credit counseling agencies as required by 11 U.S.C. § 111 and that counsel had to inquire with the Clerk's office before counsel could obtain the name of an approved counseling agency. The Debtor further contends that she substantially complied with the requirements of 11 U.S.C. § 109(h)(1) and has now filed the required credit counseling certificate.

## DISCUSSION

11 U.S.C. § 109(h)(1) of the Bankruptcy Code provides the following:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(3)(A) provides the following exception to the time requirement:

> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—
>
> > (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

---

1. All further statutory citations will be to the text of the Bankruptcy Code as amended by BAPCPA.

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and

(iii) is satisfactory to the court.

The Debtor in the case at bar failed to obtain credit counseling prior to filing her voluntary petition, and in doing so, violated 11 U.S.C. § 109(h)(1). Her failure to obtain credit counseling would not have been automatically fatal to her case if she had submitted, at the time of filing the petition, a certification of exigent circumstances that satisfied the three requirements of 11 U.S.C. § 109(h)(3)(A).[2] The statute is written in the conjunctive form, therefore, all three requirements must be met in order for the debtor to qualify for the temporary waiver allowed under § 109(h)(3)(A).[3] *In re Dixon*, No. 05–6059EM, 338 B.R. 383, 387–88, 2006 WL 355332, at *3 (8th Cir. BAP 2006); *In re Talib* 335 B.R. 424, 426 (Bankr.W.D.Mo. 2005) (citing *In re Cleaver*, 333 B.R. 430, 434–35 (Bankr.S.D.Ohio 2005); *In re Watson* 332 B.R. 740, 744 (Bankr.E.D.Va. 2005); *In re Gee*, 332 B.R. 602, 604 (Bankr. W.D.Mo.2005); *In re Hubbard*, 332 B.R. 285, 288 (Bankr.S.D.Tex.2005)).

The Debtor not only did not obtain credit counseling until seven days after the case was filed, she failed to file a certificate that described exigent circumstances. Further, she has not stated that she requested credit counseling prepetition but was unable to obtain it during the five-day period beginning on the date she made the request. The Debtor testified at court that she made no attempt to obtain credit counseling prior to filing and that she was not advised that she needed "to go through" credit counseling. (Tr. at 10.) She also testified that nothing prevented her from obtaining credit counseling other than being unaware that it was necessary. (Tr. at 11.)

Congress has made credit counseling a requirement to filing a petition in bankruptcy, and unless a debtor satisfies the requirement or qualifies for the exception, he or she is not eligible to be a debtor and the case must be dismissed. *In re Talib*, 335 B.R. at 424; *In re Gee*, 332 B.R. at 604; *In re LaPorta*, 332 B.R. 879, 882 (Bankr.D.Minn.2005); *In re Wallert*, 332 B.R. 884, 890–91 (Bankr.D.Minn.2005).

Therefore, for the reasons stated above, the case is dismissed.

IT IS SO ORDER.

---

**2.** There are other statutory exemptions that do not apply to the case at bar. For example, 11 U.S.C. § 109(h)(2) exempts debtors who reside in a district for which the approved credit counseling agencies are not reasonably able to accommodate all who request counseling, and 11 U.S.C. § 109(h)(4) exempts debtors who are determined by the court to be unable to complete the requirements due to incapacity, disability, or active military duty in a military combat zone.

**3.** According to 11 U.S.C. § 109(h)(3)(B) "an exemption ... shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply after the date that is 30 days after the debtor filed a petition, except that the court, for cause, may order an additional 15 days."