In re Benjamin James RENDLER,
Debtor.

No. BKY 07–31126.

United States Bankruptcy Court,
D. Minnesota.

May 1, 2007.

Michael John Corbin, Corbin Law Office, Faribault, MN, for Debtor.

ORDER DENYING DEBTOR'S MOTION FOR "WAIVER" OF DUTIES UNDER 11 U.S.C. §§ 109(h) and 727(a)(11)

GREGORY F. KISHEL, Chief Bankruptcy Judge.

This Chapter 7 case came on before the court on April 30, 2007, for hearing on the motion of the Debtor, styled as one "to Waive Financial Counseling and Debtor Education Requirements Due to Exigent Circumstances." The Debtor appeared by his attorney, Michael J. Corbin. There were no other appearances. This order is entered to memorialize the rationale for the denial of the motion.

This Chapter 7 case was commenced by a voluntary petition, which the Debtor's counsel filed in electronic format on April 4, 2007. The Debtor's initial submission included all of the customary statements, schedules, and lists. However, absent from these initial documents was a certificate from an approved credit counseling agency, attesting to the Debtor having received certain services (a "briefing" regarding credit counseling available to the Debtor and a "related budget analysis").

The filing of such certificate, "with the petition in a voluntary case," is required by 11 U.S.C. § 109(h), as evidence that a debtor received the services before filing a bankruptcy petition. 11 U.S.C. § 521(b)(1); Interim R. Bankr.P. (D.Minn.) 1007(b)(3) and 1007(c).[1]

■ There are only two ways to override this requirement. The first is to request an "exemption." This request is to be in the form of a "certification" by the debtor, in a document separate from the rest of the initial filing. See Interim R. Bankr.P. (D.Minn.) 1007(b)(3) and 1007(c) (certification seeking "waiver" must be filed "with the petition in a voluntary case"). The content of this document must reflect that the circumstances surrounding the bankruptcy filing meet two very specific fact-based substantial requirements, §§ 109(h)(3)(A)(i)-(ii). In turn, to merit the grant of the "exemption" the debtor's showing must be "satisfactory to the court," § 109(h)(3)(A)(iii).

If granted, this "exemption" does not completely excuse a debtor from going through the counseling. It only gives a 30-day extension of the debtor's deadline for performance of the underlying duties, to go through the counseling and to file the credit counselor's certificate. 11 U.S.C. § 109(h)(3)(B).

■ The second possible override is a full absolution from the requirement to go through credit counseling. This override is available on motion, but only on three very specific grounds: incapacity (expressly defined as "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities"); disability (expressly defined as "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in" the briefing required under § 109(h)(1)); or "active duty in a military combat zone." 11 U.S.C. § 109(h)(4). In limiting the grounds for a general override to such strictly-defined and narrow circumstances, Congress envisioned that the market would make credit counseling broadly available, via "in person, telephone, or Internet briefing." Id. The legislation is clear on its face. It simply does not permit a debtor to be absolved of the statute's compliance requirements where, for instance, credit counseling services on an in-

---

1. This has been the law since October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8.

person basis are unavailable locally to the debtor; or where participating in counseling imposes personal inconvenience on the debtor in some other way; or, really, on the grounds of any other consideration that stems from a debtor's personal circumstances, no matter how extreme.

■ The requirement of attendance at credit counseling and the documented proof thereof is located in § 109 of the Bankruptcy Code. That section governs the basic eligibility to receive bankruptcy relief. Under the very wording of the statute, an individual who does not comply with § 109(h) "may not be a debtor under" the Bankruptcy Code. *See, e.g., In re Dixon,* 338 B.R. 383, 389 (8th Cir. BAP 2006); *In re Wallert,* 332 B.R. 884, 891 (Bankr. D.Minn.2005); *In re La Porta,* 332 B.R. 879, 882–883 (Bankr.D.Minn.2005).

Here, only one part of the Debtor's initial submission went in any way to his duty under § 109(h): the "Exhibit D—Individual Debtor's Statement of Compliance with Credit Counseling Requirement." This document, currently prescribed under the Interim Rules, was appended to his petition. It is a standard form. The boilerplate recitation in its paragraph 3 is as follows:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

Under that is the individually-added statement: *"Debtor is incarcerated at MCF—Rush City, MN. He is unable to attend counseling or participate via telephone or internet."* The form contained a recitation between these two pieces of text, as follows: *"[Must be accompanied by a motion for determination by the court.]"* This is an obvious reference to the form requirement of the Interim Rules, that any request for an "exemption" or other relief from the credit-counseling requirement be set forth in a document separate from the customary content of an initial bankruptcy filing.

But the Debtor did not submit a separate document at that time.

In the ordinary course, the Debtor's initial lack of responsiveness to § 109(h) would have resulted in a short-shrift fate for his bankruptcy filing: a *sua sponte* determination of ineligibility and dismissal of this case. (This disposition was permitted by the B.A.P. in *In re Dixon,* and it is made in this District on an ongoing basis under *La Porta* and *Wallert.*) The Debtor's counsel, however, quickly initiated contact with various court staff members in the clerk's office and chambers. Eventually, he filed the motion at bar. Given the novel situation, consideration of the issues was deferred until now. The Debtor and his attorney thus were given a full opportunity to evaluate their position against the plain language of the statute and the early on-point local authority construing that language.

As the circumstances have now been more fully recited,[2] the Debtor is several years into a term of imprisonment at the

---

**2.** The motion at bar was not verified under the Debtor's signature, or accompanied by an affidavit. One or the other of these was required to support the motion, as "facts are at issue." Loc. R. Bankr.P. (D.Minn.) 9013–2(a)(2). Between the unverified text of the motion and counsel's representations at the hearing, a picture emerges. Strictly speaking, the lack of evidentiary material under oath prevents the formal making of findings of fact. But, the picture will be assumed to be accurate, for the purposes of legal analysis.

State of Minnesota Department of Corrections facility at Rush City, on "a number of charges" and with "no determinate release date." MDOC officials will not allow him to leave the prison for in-person credit counseling or debtor education. They will not give him access to a telephone or a computer with an Internet connection for a period of time long enough to complete either of those processes. Members of the Debtor's family retained counsel to "complete a Chapter 7 bankruptcy." There is no indication why the Debtor believed he should file for bankruptcy now. His schedules reflect virtually no personal income, and only a modicum of low-value personal property, all within the protection of the exemption laws outside of bankruptcy.

As harsh as it may seem, under the mandate of governing statute there is only one possible outcome for the Debtor's motion, a denial of his request. Given counsel's statement that the conditions of the Debtor's incarceration leave "no way" for him to participate in credit counseling via telephone or the Internet, the grant of an "exemption" for the remaining bit of the 30-day period would do him no good, either. Under the state of the record, this case then must be dismissed.

The rationale is simply stated, given the unequivocality of the legal authority summarized earlier. At the first level, the Debtor had the obligation to go through credit counseling *before* he filed his petition. He did not. To even preserve the issue of his eligibility to proceed in bankruptcy, he had to file a separate "certification with a request for an exemption," to be read as an *extension* of the deadline for him to go through credit counseling. He did not. A final, backfilling-fix would have been available, had the Debtor qualified under one of the narrow statutory provisions for full absolution from the requirement of credit counseling. He did not.[3] So the Debtor is not eligible to proceed as a debtor in a bankruptcy case. And because he is not, it is appropriate to dismiss this case now. *In re Dixon,* 338 B.R. at 389; *In re Hedquist,* 342 B.R. 295, 300–301 (8th Cir. BAP 2006).[4]

IT IS THEREFORE DETERMINED AND ORDERED:

1. The Debtor's motion for an order excusing him from the requirement that he

---

**3.** The Debtor's counsel erred twice in the structure of his argument for this motion: first, in characterizing the Debtor's circumstances as "exigent" within the meaning of § 109(h)(3)(A)(i); and then in concluding that such an "exigency" would support a complete absolution of the requirement to go through credit counseling. In the first place, the notion of "exigency" in relevant circumstances goes to the *timing* of a debtor's bankruptcy filing, i.e., the reasons why a debtor had to file for bankruptcy so quickly that he or she could not obtain the counseling *before* that filing. *In re Wallert,* 332 B.R. at 888–889. *See also In re Dixon,* 338 B.R. at 388. More to the point here, the existence of "exigent circumstances" standing alone, does not merit a full absolution from the requirement. It would only merit an "exemption" from the requirement that the services have been ob-

tained pre-petition, and an extension of the deadline for receiving them to a date that falls, at utter maximum, 45 days after the commencement of the bankruptcy case. 11 U.S.C. §§ 109(h)(3)(A)-(B).

**4.** This disposes of the case at its front end, which moots the Debtor's request to be relieved from the requirement of 11 U.S.C. § 727(a)(11), that he go through a post-petition "instructional course concerning personal financial management described in [11 U.S.C. § ]111" as a prerequisite for receiving a general discharge of debt. It can be observed, though, that this absolution is available only "to a debtor who is a person described in [11 U.S.C. § ]109(h)(4)"—which the Debtor is not.

receive credit counseling under 11 U.S.C. § 109(h) is denied.

2. The Debtor not having received such counseling, he is ineligible to receive relief under Chapter 7 through this case.

3. Therefore, this case is dismissed, effective the date of this order.