**In re Susan I. HOLSINGER, Debtor.**

No. 11–51720.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 27, 2012.

Susan I. Holsinger, New Market, VA, pro se.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

On December 13, 2011, Debtor Susan Holsinger (hereinafter "Debtor") filed a Certification of Exigent Circumstances with her Chapter 13 petition. A hearing was held on February 1, 2012 to determine the status of Debtor's attempt to obtain credit counseling. After considering the facts and circumstances, the Court makes the following findings of fact and conclusions of law.

### I. FACTS

In Debtor's Certification of Exigent Circumstances, Debtor checked the box stating that she "requested credit-counseling services from an approved agency but that she was unable to obtain the services during the seven days from the time [she] made [her] request."[1] Debtor stated that she signed up for a credit counseling class and that she expected to complete the class within the subsequent seven to ten days.[2] Debtor did not file a Certificate of Credit Counseling prior to the February 1, 2012 hearing. At the February 1, 2012 hearing, Debtor stated that her filing was an "emergency petition" and that she did not complete credit counseling before filing for bankruptcy because her home was going to be foreclosed upon.[3] Debtor stated in Court that she signed up for credit counseling on or around December 13, 2011, and that she filed for bankruptcy a

week later, on or around December 20, 2011.[4] Debtor expressed that she was delayed in completing counseling until late January due to work and limited access to a computer.[5]

Debtor indicated to the Court that she completed credit counseling on January 30, 2012. Debtor provided the Court a copy of what she believed was her Certificate of Credit Counseling. However, the Court later ascertained that the document filed was actually her Financial Management Course Certificate, and that Debtor had inadvertently represented that she completed credit counseling when she had not done so.

### II. DISCUSSION

The Bankruptcy Code requires that debtors obtain credit counseling prior to filing a petition for bankruptcy. *See* 11 U.S.C. § 109(h). Pursuant to 11 U.S.C. § 109(h)(1):

> "an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received ... an individual or group briefing ... that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

11 U.S.C. § 109(h)(1). However, there are certain exceptions to this general requirement, one being the existence of exigent circumstances that require an emergency

---

1. *In re Holsinger,* Form I, Ex. D. December 13, 2011. ECF Docket No. 4.

2. *Id.*

3. *In re Holsinger,* Tr. Of Evidentiary Hr'g. February 1, 2012, ECF Docket No. 26.

4. *See id.* Debtor's Chapter 13 petition was, in fact, filed on December 13, 2011. *In re Holsinger,* Ch. 13 Petition. December 13, 2011, ECF Docket No. 1.

5. *In re Holsinger,* Tr. Of Evidentiary Hr'g. February 1, 2012, ECF Docket No. 26.

bankruptcy filing. If a debtor provides the court with a certification that:

1. describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

2. states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7–day period beginning on the date on which the debtor made that request; and

3. is satisfactory to the court . . . ,

the Debtor may be eligible for an exemption from the requirement for up to thirty days. 11 U.S.C. § 109(h)(3)(A)-(B).

■ To allege an exigent circumstance, "the debtor [must] state the existence of some looming event that renders prepetition credit counseling to be infeasible." *In re Childs*, 335 B.R. 623, 630 (Bankr.D.Md.2005). The situation must be urgent enough to "make[ ] it necessary to file a bankruptcy case immediately because the bankruptcy relief would be unavailing if the filing of the petition had to be delayed to obtain credit counseling first." *In re Palacios*, 2008 WL 700968, at *1 (Bankr.E.D.Va.2008). The Court is not required to scrutinize the reasons underlying the circumstances. *See Childs*, 335 B.R. at 630.

■ Imminent foreclosure of a debtor's property or a debtor's imminent ·eviction creates an emergent need to file a bank-

ruptcy petition, and thereby qualifies as an "exigent circumstance." [6] *See Childs*, 335 B.R. at 630; *see also In re Palacios*, 2008 WL 700968 (Bankr.E.D.Va.2008); *In re Mahjor*, 2008 WL 2775708, at *2 (Bankr. E.D.Va.2008); *In re Hailemichael*, 2007 WL 3025036 (Bankr.E.D.Va.2007). If a foreclosure is to trigger the exception under § 109(h), however, a debtor must sufficiently allege that the foreclosure sale would materially diminish the debtor's rights. *See In re Karim*, 2009 WL 2044694, at *3 (Bankr.E.D.Va.2009) (holding that no showing of exigent circumstances made where it would not have mattered whether the debtor filed her petition before or after the foreclosure sale).

■ If a debtor does satisfactorily allege an exigent circumstance, the debtor must assert sufficient facts to satisfy all other elements of § 109(h)(3)(A)(1).[7] *See In re Childs*, 335 B.R. 623, 630 (Bankr. D.Md.2005). Thus, the fact that an exigent circumstance occurred before the Debtor could obtain credit counseling is not a sufficient for granting relief under § 109(h)(3)(A). *See In re Wright*, 412 B.R. 767, 769 (Bankr.E.D.Va.2008). No matter the circumstances, the Debtor must have made an effort to seek credit counseling, and may only obtain relief if the credit agency could not provide counseling within seven days of her request. *See id.* If a debtor does not satisfactorily satisfy all elements of § 109(h)(3)(A), and does not undergo credit counseling as required un-

---

**6.** This rationale seems to be the consensus in the 4th Circuit and Virginia. However, other courts have held that foreclosure is not sufficient to defer credit counseling because "the foreclosure process provides considerable notice to homeowners." *In re Richardson*, 2007 WL 4333227, at *1 (Bankr.E.D.Tex.2007) (citing *In re Rodriguez*, 336 B.R. 462, 474 (Bankr.D.Idaho 2005)); *Dixon v. LaBarge*, 338 B.R. 383 (8th Cir. BAP 2006); *In re DiPinto*, 336 B.R. 693, 698 (Bankr.E.D.Pa.

2006); *In re Afolabi*, 343 B.R. 195 (Bankr. S.D.Ind.2006).

**7.** "Because the requirements are stated in the conjunctive, each of the three requirements must be satisfied for the debtor to qualify for the described exemption." *In re Talib*, 335 B.R. 417, 420 (Bankr.W.D.Mo.2005) (citing *In re Watson*, 332 B.R. 740, 745–46 (Bankr. E.D.Va.2005)).

der § 109(h)(1), she will be ineligible to be a debtor, and the case may be dismissed.

 The imminent foreclosure of Debtor's home may have been considered an exigent circumstance if the Debtor could show that foreclosure sale would have materially diminished her rights. However, Debtor has provided no evidence that the credit agency was unable to provide credit counseling within seven days of her request, as required by § 109(h)(3). *See In re Wright,* 412 B.R. 767, 769 (Bankr. E.D.Va.2008). Moreover, Debtor has not yet received credit counseling and even if she had obtained her Certificate of Credit Counseling on January 30, 2012 as she represented in Court, Debtor still failed to properly allege that she should be granted an exemption under § 109(h)(3)(A). Because Debtor did not satisfy the elements of § 109(h)(3)(A), she is ineligible to be a debtor and her Petition must be dismissed.[8] Accordingly, it is

### ORDERED

That Debtor's Exigent Circumstances Application is **DENIED** and Debtor's Chapter 13 case is **DISMISSED.**

---

8. "[I]n the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances and has no choice except to dismiss the case." *In re Wright,* 412 B.R. 767, 769 (Bankr.E.D.Va.2008) (citing *In re Watson,* 332 B.R. 740 (Bankr.E.D.Va.2005)).