# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 24-6012

_____

In re: WILLIAM LOUIS RIVETT, II,

Debtor.

-----------------------------

WILLIAM LOUIS RIVETT, II,

*Debtor-Appellant*

v.

KYLE LYNN CARLSON,

*Trustee-Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of South Dakota

_____

Submitted: June 13, 2025
Filed: July 28, 2025

_____

Before SURRATT-STATES, CONSTANTINE, and JONES, Bankruptcy Judges.

_____

CONSTANTINE, Bankruptcy Judge.

Debtor-Appellant William Louis Rivett, II ("Debtor") appeals the bankruptcy court's[1] order dismissing his chapter 13 case. For the following reasons, we affirm.

## BACKGROUND

Debtor, appearing *pro se*, filed a chapter 13 voluntary petition on August 16, 2024. The bankruptcy court granted Debtor's request to pay the filing fee in installments. ECF No. 4, *In Re William Louis Rivett, II*, No. 24-50074 (Bankr. D.S.D. Aug. 16, 2024).[2] Four payments of $78.25 were required on or before September 13, September 27, October 11, and October 25. *Id.*

Debtor represented in his bankruptcy petition that he had received credit counseling from an approved agency within 180 days before filing his petition with the court. ECF No. 1. Pursuant to Federal Rule of Bankruptcy Procedure 1007(c)(3), a debtor must file a credit counseling certificate within fourteen days from the date of the petition. Nevertheless, no certificate was filed. The bankruptcy court issued an order compelling Debtor to file a certificate on or before October 11—forty-two days beyond the statutory deadline. ECF No. 38. The court's order provides that a failure to comply may result in the Debtor's case being dismissed without further notice or hearing. *Id.*

The bankruptcy court dismissed Debtor's case on October 15, 2024, for failure to pay the installment payments due on September 27, and October 11, and for failure to submit a credit counseling certificate. ECF No. 48.

Debtor filed a notice of appeal of this order on October 22, 2024, alleging that his failure to pay the filing fee installment was due to unintentional delay. ECF No. 58. Debtor states that he did in fact send payment for the September 27 installment through "regular mail," but that the payment was "never received." *Id.* He also details his efforts to submit two payments on October 14 via FedEx

---

[1]The Honorable Laura L. Kulm Ask, Chief Judge of the United States Bankruptcy Court for the District of South Dakota.

[2]All docket references cite to *In Re William Louis Rivett, II*, No. 24-50074 (Bankr. D.S.D. 2024).

overnight delivery, which were not delivered until October 16. *Id.* Debtor ignores his failure to file a credit counseling certificate and focuses solely on the bankruptcy court's decision to dismiss his case for failure to make filing fee payments. *Id.*

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss Debtor's case for an abuse of discretion, and we review its legal conclusions *de novo*. *Marshall v. McCarty (In re Marshall)*, 407 B.R. 359, 361 (B.A.P. 8th Cir. 2009) (citations omitted).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*Steiner v. Wilmington Sav. Fund Soc'y (In re Steiner)*, 613 B.R. 176, 178 (B.A.P. 8th Cir. 2020) (quoting *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013)).

## DISCUSSION

The Trustee-Appellee contends that the bankruptcy court's order should be affirmed because Debtor's brief on appeal does not comply with Federal Rule of Bankruptcy Procedure 8014. In addition, the Trustee argues that the bankruptcy court did not abuse its discretion in dismissing the case for failure to file a credit counseling certificate and for a failure to make required installment payments.

In recognizing that dismissing an appeal for a failure to meet brief writing requirements may seem severe, we will address both the failure to comply with the appellate rules and the Debtor's appeal on its merits.

### A. Violation of Federal Rule of Bankruptcy Procedure 8014

On December 31, 2024, an order was entered compelling Debtor to submit a brief for this Court's review. Clerk's Ord., Dec. 31, 2024. Debtor redated and filed

his "Notice of Appeal" as his Appellant Brief. Appellant's Br. 1. Both documents are identical. *Id.*

Federal Rule of Bankruptcy Procedure 8014 governs appellate brief requirements. These requirements include: a table of contents, a table of authorities, a jurisdictional statement, a statement of issues presented, a statement of facts, a summary of the argument, the argument with citations to authority, and a short conclusion stating the precise relief sought. FED. R. BANKR. P. 8014(a).

The Eighth Circuit regularly declines to "consider cursory or summary arguments that are unsupported by citations to legal authorities." *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (citations omitted); *see also Doughty v. Douglas (In re Doughty)*, 609 B.R. 203, 209 (B.A.P. 8th Cir. 2019) ("We will not consider the Debtor's cursory argument concerning service as it is unsupported by citations to legal authorities."). "To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver." *Meyers v. Starke*, 420 F.3d 738, 743 (8th Cir. 2005) (citing *Sweet v. Delo*, 125 F.3d 1144, 1159 (8th Cir. 1997)). An appeal that fails to comply with the applicable rules governing brief writing requirements is subject to summary dismissal. *Slack v. St. Louis Cnty. Gov't*, 919 F.2d 98, 99 (8th Cir. 1990) (citing *United States v. 339.77 Acres of Land, Ark.*, 420 F.2d 324, 325 (8th Cir. 1970)).

Debtor's Appellant Brief disregards nearly all of this Court's brief writing requirements. Appellant's Br. 1–2. The redated "Notice of Appeal" not only fails to discuss Debtor's lack of credit counseling certification, but it also fails to include a single citation—legal or otherwise. *Id.* With respect to the sole issue he asserts on appeal, the failure to make fee payments, Debtor does not deny that the payments were made late. Debtor instead attempts to argue that his payments were (1) "unintentionally delayed," and that his overall (2) "substantial compliance" with bankruptcy requirements, coupled with his (3) "severe financial hardship," should result in the reinstatement of his case. *Id.*

Debtor's request for the reinstatement of his case—liberally construed to be his conclusion—marks the one and only brief requirement that he meaningfully

satisfies. Accordingly, Debtor's appeal may be dismissed, and the bankruptcy court's order affirmed, solely on the failure to comply with Federal Rule of Bankruptcy Procedure 8014.

## B.    Failure to provide credit counseling certification

Even if Debtor had complied with every rule governing appellate briefs and successfully argued that his failure to make timely payments should not have resulted in the dismissal of his bankruptcy case, the order of the bankruptcy court is appropriately affirmed.

11 U.S.C. § 1307(c) requires "cause" before a petition is dismissed. "A lack of statutory eligibility to 'be a debtor' . . . is the very most fundamental 'cause' for dismissal." *In re Wallert*, 332 B.R. 884, 891 (Bankr. D. Minn. 2005) (discussing 11 U.S.C. § 707(a)). The *sua sponte* determination of ineligibility and subsequent dismissal of a case under 11 U.S.C. § 109(h) has been previously permitted by the B.A.P. *In re Rendler*, 368 B.R. 1, 3 (Bankr. D. Minn. 2007) (citing *Dixon v. LaBarge (In re Dixon)*, 338 B.R. 383, 389 (B.A.P. 8th Cir. 2006)). We find it appropriate here as well.

Under Section 109(h)(1) an individual "may not be a debtor . . . unless such individual" has received credit counseling within 180 days before filing his or her bankruptcy petition. 11 U.S.C. § 109(h)(1).  Federal Rule of Bankruptcy Procedure 1007(c)(3) requires that a credit counseling certificate be filed with the court "within 14 days after the order for relief is entered." FED. R. BANKR. P. 1007(c)(3).

There are three exceptions to this requirement, all governed by Section 109(h).[3] None of these exceptions apply to Debtor. Despite that, the bankruptcy court still provided Debtor with an additional forty-two days to file a certificate.

---

[3] Section 109(h)(2) allows for an exception when the United States Trustee determines that credit counseling is not needed. Section 109(h)(3) allows for an exception when (1) the debtor submits to the court that exigent circumstances merit a waiver of the requirement, (2) the debtor requested credit counseling but was unable to receive services (in the appropriate time frame), and (3) the court is

Although the requirements of Section 109(h) may create harsh results, those requirements are mandatory. *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006). "[B]ankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions." *Id.* The application of a mandatory provision cannot be an abuse of discretion.

The statute is abundantly clear: "an individual *may not be a debtor* under this title" unless he or she has received credit counseling. 11 U.S.C. § 109(h)(1) (emphasis added). The order compelling Debtor to supply a credit counseling certificate made it clear that "if Debtor fails to timely comply with this order, this case may be dismissed by separate order, without further notice or hearing." ECF No. 38. The bankruptcy court had no choice but to dismiss Debtor's case.

While we are sympathetic to Debtor's claim that his untimely filing fee payments should not result in dismissal, it is immaterial to his appeal. Even if Debtor had made every payment on time, a lack of credit counseling certification renders him ineligible to be a debtor.

## CONCLUSION

Debtor's noncompliance with Federal Rule of Bankruptcy Procedure 8014(a) and failure to file a credit counseling certificate, each standing alone, are sufficient to affirm the bankruptcy court's order. Further review of the filing fee issue is unnecessary.

The bankruptcy court did not err in determining that dismissal was appropriate, nor did it abuse its discretion. Accordingly, the bankruptcy court's order is affirmed.

---

satisfied with the explanation. Lastly, Section 109(h)(4) allows for an exception when the court determines that a debtor "is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).